Julie Anne Fagan HALL, Appellant,

v.

James A. STEPHENSON; Auld and Stephenson–A Professional Corporation, f/k/a Auld, Stephenson and Mansfield, P.C., A Texas Corporation; James G. Reynolds; Gandy, Michener, Swindle, Whitaker & Pratt, P.C., A Texas Professional Corporation; Michael B. Paddock; Paddock & Associates, f/k/a-

Paddock, Loveless & Associates, A Professional Partnership; James M. Loveless; and Loveless, O'Neal & Associates, f/k/a Paddock, Loveless & Associates, A Professional Partnership, Appellees.

Julie Anne Fagan HALL, Appellant,

v.

Robert D. COURTNEY and A. Lewis Crain, Appellees.

Nos. 2–94–229–CV, 2–94–230–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 29, 1996.

Rehearing Overruled April 25, 1996.

Julie Ann Fagan Hall, Appellant Pro Se.

Michener, Larimore, Swindle, Whitaker, Flowers, Sawyer, Reynolds & Chalk, L.L.P. and John W. Michener, and James G. Reynolds, Pro Se, Fort Worth (No Briefs Filed), Cantey and Hanger, L.L.P. and Ernest Reynolds, III and Deeia D. Beck, Fort Worth, for Appellees Michael B. Paddock and Paddock & Associates, fka Paddock, Loveless & Associates, a Professional Partnership.

Auld and Stephenson, P.C. and Lexa Auld, Bedford, for Appellee James A. Stephenson and Auld and Stephenson, P.C.

Dale O'Neal, Fort Worth, for Appellees James M. Loveless, Loveless, O'Neal & Associates, fka Paddock, Loveless & Associates.

Frank R. Jelinek, Arlington, for Appellee Robert D. Courtney.

David R. Sweat, Sweat & Cochran, L.L.P., Arlington, for Appellee A. Lewis Crain.

Before DAUPHINOT, RICHARDS, and PAUL W. NYE (Retired), JJ.

## OPINION

RICHARDS, Justice.

Appellant Julie Anne Fagan Hall appeals the trial court's summary judgments in favor of appellees on her professional malpractice claims. Because we find that summary judgment was proper for all appellees, we affirm the judgments of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Hall filed for divorce from her husband in 1987. During the pendency of this divorce action, Hall was represented by six different attorneys.

Rebecca Lucas filed Hall's divorce petition in late 1987. She withdrew from the case at Hall's request on January 28, 1988.

James Loveless and Michael Paddock represented Hall from January 1988 to March 1989. In February 1988, Loveless and Paddock requested a hearing for the issuance of temporary orders. The hearing was held on April 3, 1988, which resulted in an order for temporary support for Hall. They withdrew from representing her on March 10, 1989.

Robert Courtney represented Hall from March 1989 to June 1989. Courtney and Hall voluntarily terminated the representation in June 1989. James Reynolds represented Hall from June 1989 to July 1989. Reynolds scheduled a hearing that resulted in a new temporary support order for Hall. Reynolds withdrew from representing Hall on July 17, 1989. James Stephenson represented Hall from October 1989 to January 1990.

Hall then re-hired Courtney in January 1990. He was her attorney when the final divorce decree was entered. Courtney

stopped representing Hall when the divorce judgment was final in 1990. In fact, Courtney wrote a letter to Hall stating that:

> My final bill is enclosed and is now due, but I fully expect you not to pay it since you have not paid either of your financial experts who testified for you at time of trial.
>
> I hope you find a school you want and can figure out a way to live on $3,100.00 per month in net resources until you finish your next degree.

Lewis Crain was a consulting accountant for Hall during February and March of 1990. He testified as an expert witness at her divorce trial on March 15.

After many delays that were caused by this multiple representation, a judgment of divorce was signed on April 9, 1990. This court affirmed the trial court's divorce decree on March 19, 1991, and the Texas Supreme Court denied Hall's writ of error on September 5, 1991. *Hall v. Hall*, No. 2–90–164–CV (Tex.App.—Fort Worth 1991, writ denied) (not designated for publication). Ann McClure represented Hall on appeal.

On September 3, 1993, Hall, representing herself pro se, sued Stephenson, Paddock, Reynolds, Loveless, Courtney, and Crain for professional malpractice/negligence,[1] gross negligence, and violations of the Texas Deceptive Trade Practices Act.[2] Hall also included the attorneys' law firms as defendants under the theory of respondeat superior.[3] All the defendants answered the petition generally denying Hall's claims.

Hall claimed that Paddock and Loveless's representation was sub-par because they: (1) filed a capped temporary order that required Hall to pay them money for attorneys' fees from money that Hall had withdrawn from a community account, when they knew Hall did not have that money; (2) did not seek sanctions against Hall's ex-husband for not filing an inventory and appraisal; (3) did not file an inventory and appraisal; (4) did not file for additional temporary orders; and (5) withdrew.

Hall was dissatisfied with Reynolds because he: (1) did not file an inventory and appraisal; (2) did not move to have her ex-husband sanctioned for not filing an inventory and appraisal; (3) did not appoint a receiver for assets that her ex-husband was making that was in excess of the new temporary support order; and (4) did not subpoena missing tax returns.

Hall alleged that Stephenson violated the DTPA and was negligent because he: (1) did not file an inventory and appraisal; (2) did not move for sanctions against Hall's ex-husband because he did not file an inventory and appraisal; (3) did not subpoena missing tax returns; and (4) withdrew while Hall was in the middle of bankruptcy.

Hall claimed that Courtney was negligent and violated the DTPA in his first representation because he: (1) did not schedule and attend a hearing for temporary orders; (2) did not try to have Hall's ex-husband sanctioned for not filing an inventory and appraisal; and (3) withdrew. During the second representation, Hall was not happy because Courtney: (1) did not subpoena or present at trial missing tax returns; (2) did not move for sanctions against her ex-husband for failing to file an inventory and appraisal; (3) did not introduce at trial the amount of missing money that was unaccounted for; (4) failed to object to her bankruptcy stay being lifted; (5) did not present a "key witness" during the motion for new trial; and (6) did not file a request for findings of fact or conclusions of law by the deadline.

Hall alleged that Crain was negligent and violated the DTPA because he did not testify about a conflicting 1986 corporate tax return that was filed by Hall's ex-husband.

---

1. Although Hall alleged negligence and professional malpractice separately, malpractice is based on negligence; therefore, we will treat these claims as one cause of action. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989) (op. on reh'g).

2. Hall also sued them for "mental anguish." However, mental anguish is a type of damages and is not an independent cause of action.

3. Our references to the individual attorney defendants refer to their firms that were also sued.

Loveless, Paddock, Stephenson, and Reynolds filed motions for summary judgment. Hall did not file a response.

Loveless stated that he was entitled to summary judgment because Hall's claims were brought outside the statute of limitations. He also filed an affidavit stating that the temporary order was not capped, the parties had agreed to the value of their property, Hall did not tell him that she had given the money to her father until after the temporary order was entered, and Hall was not harmed by his withdrawal because she had hired a new attorney and had obtained additional temporary orders after the withdrawal.

Paddock moved for summary judgment on the grounds that there was no evidence of a breach of duty, no proximate cause, Hall had no standing to bring the suit because she had declared bankruptcy, Hall's suit was outside the statute of limitations, and the DTPA does not apply to legal malpractice. Paddock filed an affidavit that stated that he worked with diligence and made every effort to assist Hall.

Stephenson's motion stated that there was no evidence of negligence, gross negligence, or violations of the DTPA. He also stated that there was no proximate cause. Stephenson attached an affidavit by attorney Steven King who was co-counsel on Hall's appeal. He stated that, based on his experience and knowledge of the case, Stephenson did not violate the DTPA, was not negligent, and did not impact the outcome of Hall's divorce in an adverse way.

Reynolds moved for summary judgment on the basis that there was no issue of material fact regarding legal malpractice, Hall was barred by the statute of limitations on her gross negligence and DTPA allegations, and that there was no negligence or proximate cause. He attached his affidavit in which he stated that Hall never asked him to file sanctions against her ex-husband, to subpoena his corporate tax returns, or to appoint a receiver.

At this point, Crain filed special exceptions to Hall's pleadings. The trial court then held a hearing on the summary judgment motions and, on January 20, 1994, granted summary judgment in favor of the four movants. The trial court also severed out all the claims upon which summary judgment was granted. Thus, the trial court created two separate suits: one with Stephenson, Reynolds, Paddock, and Loveless as defendants (the "severed case") and one with Courtney and Crain as defendants (the "Courtney–Crain suit").

On February 3, the trial court ruled favorably on Crain's special exceptions and struck several of Hall's allegation paragraphs in the Courtney–Crain suit. On February 18, Hall filed a motion for new trial in the Courtney–Crain suit, instead of in the severed suit.

On April 4, the trial court granted Hall's motion for new trial on certain limited questions and set aside the summary judgments. These issues were:

a. What asset or assets were overlooked by any Defendant herein and therefore not available for division in the [divorce] trial . . .? This information needs to be specific as to the asset itself, the estimated amount thereof and the location of the asset.

b. What did any Defendant herein do that caused him or her to be unaware of the asset(s) identified in "a" above, or what did they fail to do that would have revealed said asset(s)? This information needs to be specific as to each act(s) or omission(s), each Defendant, and each asset.

c. Was the conduct identified in "b" above legal negligence as that term will be defined for the jury if this matter is to be tried on the merits. This information needs to be specific as to each act or omission and as to each Defendant.

The trial court further ordered that if Hall failed to answer the listed questions, "the Summary Judgments will be reinstated and [Hall] will be allowed to close this chapter in her life." The severance remained in effect.

On April 26, the trial court gave Courtney and Crain until May 2 to file motions for summary judgment and the trial court set a hearing on any such motions for May 19. Thus, the trial court granted leave for Courtney and Crain to give Hall less than 21 days notice of their motions for summary judgment. See TEX.R.CIV.P. 166a(c). The trial court also stated in its order that an answer

by Hall to the questions in the order granting new trial would not necessarily be "an adequate response to the motions for summary judgment...." Further, the trial court gave Hall permission to file "any additional or supplemental response to the defendants' motions for summary judgment," as long as she filed them by May 16. This order was filed in both the severed case and the Courtney–Crain case. Therefore, the trial court granted Hall leave to file her affidavits less than seven days before the hearing in both cases. *See id.*

On April 29, Courtney filed a motion for summary judgment on the grounds that Hall had failed to state an actionable claim because of the struck paragraphs and Hall had presented no evidence of negligence or deceptive acts by Courtney. Courtney filed his affidavit stating that he had done everything he could on the case. He further asserted that, during the trial, he negotiated a "generous property settlement" that was larger than the trial court's judgment, but Hall refused it. He stated that he did not fail to find hidden assets of Hall's ex-husband because he relied on filed and sworn bankruptcy schedules that both Hall and her ex-husband had filed in two separate bankruptcy proceedings. Courtney also attached an excerpt from Ann McClure's deposition in which she stated that she had no opinion as to whether or not the defendant attorneys properly represented Hall.

On May 2, Crain filed a motion for summary judgment categorically denying that he was negligent, grossly negligent, or that he violated the DTPA. He pointed to the fact that he testified truthfully to all questions that were asked of him; he was never asked about the 1986 tax return. He further alleged that Hall's action was barred by the statute of limitations. Crain filed an affidavit supporting these assertions and stating that the 1986 corporate tax return that Hall wanted in evidence at trial was never filed; therefore, it was not a formal statement of what the actual assets were.

■ On May 16, Hall filed three affidavits in the severed case: (1) her own; (2) the affidavit of an attorney; and (3) the affidavit of a businessman who had experience in divorce asset cases. Although Hall did not file an accompanying response with the affidavits, we find that affidavits alone are an appropriate way to respond to a summary judgment motion. *Rosas v. Bursey,* 724 S.W.2d 402, 408 (Tex.App.—Fort Worth 1986, no writ); *see Murphy v. McDermott Inc.,* 807 S.W.2d 606, 610 (Tex.App.—Houston [14th Dist.] 1991, writ denied). *Contra Engel v. Pettit,* 713 S.W.2d 770, 772 (Tex. App.—Houston [14th Dist.] 1986, no writ) (apparently holding that filing an affidavit with no attached response is an inadequate response to summary judgment motion). We pause here to note that Loveless, Paddock, and Stephenson erroneously state in their briefs that Hall did not file any response to their summary judgment motions and that Hall did not get leave of the court to file the affidavits late. Perhaps because the transcripts in these cases are more than 1,000 pages long, Hall's affidavits and the order granting Hall leave to file them, which were filed in the severed case and the Courtney–Crain suit, were overlooked.

Hall, in her affidavit, stated that she first became aware that her case had been mishandled on August 27, 1992. This was the date she received a letter from an attorney whom she had asked about a bill of review. The attorney stated that she might have a claim regarding legal malpractice because of the failure to explore two different copies of a 1986 corporate tax return; however, this attorney further stated that it would be difficult to prove any harm. Hall reiterated the factual allegations of malpractice and DTPA that she had alleged in her original petition.

John Crawford, an attorney, stated that, based on his experience as a family law specialist, he believed that "Hall's counsel fell below the standard of care...." This failure resulted in Hall's ex-husband being able to hide assets. However, Crawford also stated that "in order to complete [his] opinions, [he] need[ed] to review the complete files of each of the attorneys who are Defendants, a complete Transcript from the divorce case and review depositions of the Defendants."

The businessman, Stanley McSwane, stated that he had "assisted as an expert in divorce asset settlement and other similar

civil matters during the course of [his] business." Hall hired him in April 1994 to review the documents from her divorce. McSwane attached more than 1,000 pages of documents that purported to answer the trial court's specific issues that were laid out in the order granting Hall a new trial. He did not interpret these voluminous documents or state how they answered the trial court's questions.

In the Courtney–Crain case, Hall, who was represented by Amy Ganci at this point, filed the same three affidavits along with responses to Courtney's and Crain's motions for summary judgment. The responses averred that there were material issues of fact regarding whether they were negligent, fell below the applicable standard of care, and violated the DTPA. The response as to Crain also alleged that there was a material fact issue regarding whether Crain's conduct proximately caused Hall's damages. She also attached an affidavit by Ganci that disputed the amount of attorneys' fees claimed by Crain.

After the summary judgment hearing, the trial court reinstated the summary judgments in the severed case on June 2, 1994. The trial court also granted summary judgment for Courtney and Crain. Hall filed motions for new trial in both cases, which the trial court denied.

■ Hall filed these appeals pro se claiming that all summary judgments were improper because there were genuine issues of material fact on her claims of negligence, gross negligence, and DTPA. Hall also alleges that the trial court's grant of a new trial was proper. A point of error must direct our attention to the *error* about which complaint is made. TEX.R.APP.P. 74(d). Even considering Hall's arguments that support her point,[4] we cannot see how any holding we might make regarding the grant of Hall's motion for new trial would allow us to reverse the trial court's summary judgment. Hall has failed to raise any error by the trial court requiring reversal; therefore, we will not address this point.

Hall also raises points that specifically attack why the trial court erred, but she fails to attack each and every ground raised by the appellants to support their summary judgments; thus, in the interests of justice, we will construe her point that complains there were genuine issues of material fact as a broad point and simply consider any available legal attack on the summary judgments. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Runyan v. Mullins*, 864 S.W.2d 785, 788 (Tex.App.—Fort Worth 1993, writ denied).

## JURISDICTION

Reynolds, Loveless, and Paddock filed motions in this court asking us to dismiss Hall's appeal for lack of jurisdiction. They based their argument on their claim that the trial court did not have plenary power over the case when it granted Hall's motion for new trial because Hall filed her motion for new trial in the Courtney–Crain suit instead of in the severed case. We denied these motions; however, Loveless and Paddock again assert in their briefs that we have no jurisdiction over Hall's appeal because the trial court had no plenary power to grant Hall's motion for new trial. *See* TEX.R.CIV.P. 329b(d); TEX.R.APP.P. 41(a). Hall has also addressed this issue in her brief. We therefore feel compelled to explain why we have jurisdiction over Hall's appeal.

■ As pointed out earlier, the trial court granted summary judgment for Stephenson, Reynolds, Paddock, and Loveless and severed these defendants from Courtney and Crain on January 20, 1994. Hall filed a motion for new trial on February 18 in the Courtney–Crain suit, which had retained the original cause number that had encompassed all the defendants. Hall never filed a motion for new trial in the severed case. The question then becomes whether Hall's motion for new trial filed in the Courtney–Crain suit was sufficient to invoke this court's jurisdiction in the severed case. We believe it does.

■ The Texas Supreme Court has held that an appellate court has jurisdiction when a plaintiff files a motion for new trial in the

4. *Anderson v. Gilbert,* 897 S.W.2d 783, 784 (Tex. 1995).

original cause number after a severance because she has made a "bona fide attempt to invoke appellate court jurisdiction" in the severed case. *Mueller v. Saravia,* 826 S.W.2d 608, 609 (Tex.1992); *see also Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex. 1994) (plaintiff filing motion for new trial in original case after unclear severance order was a bona fide attempt and appeals court had jurisdiction). Further, our decisions should "turn on substance rather than procedural technicality." *Mueller,* 826 S.W.2d at 609. We therefore have jurisdiction over Hall's appeal of the severed case, and we now turn to a consideration of Hall's claim that the trial court's summary judgments were improper.

## OUR STANDARD OF REVIEW ON SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty,* 899 S.W.2d at 197.

A trial court does not have to state on what grounds a summary judgment is being granted. *Irvin v. Smith,* 497 S.W.2d 796, 797 (Tex.Civ.App.—Beaumont 1973, no writ). If a trial court grants summary judgment on general grounds, we must affirm the summary judgment if any of the movant's theories are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993).

## PROFESSIONAL MALPRACTICE/NEGLIGENCE

*LOVELESS*

We first need to address Loveless's argument that Hall's claims were barred by the statute of limitations. This is the only ground we can uphold Loveless's summary judgment on because that is the only ground he raised in his motion for summary judgment. *See Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993) (movant is not entitled to summary judgment on a theory that is different from the theory that is alleged in the motion). Although Loveless claims in his brief that he moved for summary judgment on the grounds that there was no evidence of a breach of duty or proximate cause, he erroneously cites us to Paddock's motion for summary judgment.

A claim of legal malpractice has a two-year statute of limitations. Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.1996); John H. Bauman, *The Statute of*

*Limitations for Legal Malpractice in Texas,* 44 BAYLOR L.REV. 425, 425–26 n. 2 (1992). This period does not begin to run until the tort is completed, i.e., as soon as any actual damage has occurred. *Black v. Wills,* 758 S.W.2d 809, 816 (Tex.App.—Dallas 1988, no writ). This is known as the legal injury rule. *Id.* A plaintiff may toll the statute of limitations if she affirmatively pleads either: (1) the discovery rule, which holds that the statute does not begin to run until the claimant discovers or should have discovered the facts that establish the elements of the claim;[5] or (2) the *Hughes* rule, which holds that the statute does not begin to run until all appeals on the underlying claim are exhausted.[6]

 Thus, if Hall failed to plead *and* prove facts suspending the operation of the statute of limitations, the legal injury rule is applied. *Black,* 758 S.W.2d at 815–16. Hall did not plead any tolling provisions in her original petition; she only mentions in her affidavit that she discovered her attorneys' "mishandling" of her case on August 27, 1992. An affidavit is not a pleading. *See* TEX.R.CIV.P. 45, 166a(c); *see also Sosa v. Central Power & Light Co.,* 901 S.W.2d 562, 567 (Tex.App.—San Antonio) (affidavit did not raise affirmative issue), *rev'd on other grounds,* 909 S.W.2d 893 (Tex.1995); *Marshall v. Toys–R–Us Nytex, Inc.,* 825 S.W.2d 193, 195 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (pleadings are not summary judgment proof; proof is an affidavit); *Freedman v. Briarcroft Prop. Owners, Inc.,* 776 S.W.2d 212, 215 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (affidavits attached to summary judgment motion are not pleadings). Therefore, we find that Hall failed to plead any tolling provision and the legal injury rule applies. *See Black,* 758 S.W.2d at 816.

 Under the legal injury rule, the attorney's conduct must raise a risk of harm to the client's legally protected interest; the harm does not have to be finally established or an inevitable consequence of the conduct. *Zidell v. Bird,* 692 S.W.2d 550, 557 (Tex. App.—Austin 1985, no writ). When an action accrues is a judicial function. *Norwood v. Piro,* 887 S.W.2d 177, 179 (Tex.App.—Texarkana 1994, writ denied). Further, a legal injury cannot occur after the attorney-client relationship has ended because the attorney has no duty to the client at that point. *Cf. McClung v. Johnson,* 620 S.W.2d 644, 646–47 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.) (statute in action for failure of attorney to disclose begins to run at the end of the relationship because duty to disclose ended at that time), *disapproved on other grounds by Willis, Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988).

Loveless's representation of Hall ended March 10, 1989. Hall filed suit on September 3, 1993, more than four years after her relationship with Loveless ended. Hall filed suit outside of the statute of limitations and summary judgment was proper for Loveless on that ground.

*PADDOCK, STEPHENSON, AND REYNOLDS*

 An attorney malpractice action is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989) (op. on reh'g). Negligence consists of: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990).

 Regarding the breach element, the Texas Supreme Court has set out certain guidelines in attorney negligence cases:

A lawyer in Texas is held to the standard of care which would be exercised by a reasonably prudent attorney. The jury must evaluate his conduct based on the information the attorney has at the time of the alleged act of negligence. In some instances an attorney is required to make tactical or strategic decisions.

---

**5.** *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex. 1988); *see also Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 (Tex.1988) (claimant seeking to avoid the statute has the burden of pleading the discovery rule).

**6.** *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991); *see also* Bauman, *supra,* at 447 (analogizing the discovery rule to the *Hughes* rule and concluding that the *Hughes* rule must also be affirmatively pleaded).

. . . .

If an attorney makes a decision which a reasonably prudent attorney *could* make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable. Attorneys cannot be held strictly liable for all of their clients' unfulfilled expectations. An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect. The standard is an objective exercise of professional judgment. . . .

*Cosgrove,* 774 S.W.2d at 664–65.

■■■ In negligence cases, a party must prove both cause in fact and foreseeability to show proximate cause. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775 (Tex.1995). Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury that would not otherwise have occurred. *Prudential Ins. Co. v. Jefferson Assocs. Ltd.,* 896 S.W.2d 156, 161 (Tex. 1995). Foreseeability means that the actor should have anticipated the dangers that his negligent act created for others. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992). Foreseeability does not require that the actor anticipate the precise consequences of his actions. *Id.*

Hall has failed to show us that there was a material fact issue precluding summary judgment on causation. The only evidence she offered to the trial court regarding causation was the Crawford and McSwane affidavits.

Crawford stated that he believed that counsels' actions allowed Hall's ex-husband to hide assets from Hall. However, he did not state this equivocally because he had not reviewed all the records he would need to reach a complete opinion. He claimed his opinion was a "preliminary" one.

■■■ Statements in an affidavit must be "so direct and unequivocal that perjury can be assigned against the affiant if the statement is false." *Trans–Continental Finance Corp. v. Summit Nat'l Bank,* 761 S.W.2d 575, 577 (Tex.App.—Fort Worth 1988, no writ); *accord Draper v. Garcia,* 793 S.W.2d 296, 300 (Tex.App.—Houston [14th Dist.] 1990, no writ). It must appear from the face of the affidavit that the affiant intended to unreservedly swear to the allegations. *Slater v. Metro Nissan of Montclair,* 801 S.W.2d 253, 255 (Tex.App.—Fort Worth 1990, writ denied). Statements that are equivocal or are merely based on the affiant's "best knowledge" constitute no evidence at all and are insufficient to raise a fact issue. *International Turbine Serv., Inc. v. Lovitt,* 881 S.W.2d 805, 808 (Tex.App.—Fort Worth 1994, writ denied); *Lightfoot v. Weissgarber,* 763 S.W.2d 624, 628 (Tex.App.—San Antonio 1989, writ denied); *Campbell v. Fort Worth Bank & Trust,* 705 S.W.2d 400, 402 (Tex. App.—Fort Worth 1986, no writ). Crawford's affidavit is insufficient to raise a fact issue precluding summary judgment because he does not equivocally state his expert opinion: he merely states that he has a "preliminary" opinion, but will need to look at more documents before he reaches his final opinion. This is actually no evidence at all and does not preclude summary judgment.

■■■ The McSwane affidavit states that he is specifically responding to two of the trial court's listed issues in its order granting new trial: which assets were overlooked and what did any of the appellees do that caused any assets to be excluded from the divorce proceedings. However, McSwane does not state what the answers are in his affidavit; he merely refers to the more than 1,000 pages of "enclosures" and "schedules" he attached. Hall, in her brief to this court has not stated what fact issue McSwane's "enclosures" and "schedules" raise. She merely tells us that the "extremely long affidavit . . . clearly demonstrates the inconsistencies in the evidence regarding the value of the marital estate and [Hall's ex-husband's] income. He also demonstrates how [Hall] was harmed financially by the failure of the attorneys to aggressively pursue disclosure of these assets." Her only reference to the record to support this statement is to point us to the first page of McSwane's affidavit.

■■■ An appellant has the duty to show that the record supports her contentions and to point to the supporting places in the record. Tex.R.App.P. 74(f); *Barham v. Turner Const. Co.,* 803 S.W.2d 731, 740 (Tex.App.—Dallas 1990, writ denied); *Kropp v. Prather,*

526 S.W.2d 283, 288 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). We are not required to search a voluminous record, with no guidance from Hall, to see if an issue of material fact was raised by the affidavit. *Bean v. Bluebonnet Sav. Bank,* 884 S.W.2d 520, 523 (Tex.App.—Dallas 1994, no writ); *Kropp,* 526 S.W.2d at 288. Hall cannot point us to 1,000 pages attached to an affidavit and expect us to interpret and find the fact issue.

Therefore, because Hall has failed to direct us to a fact issue as to causation, summary judgment for Paddock, Stephenson, and Reynolds on negligence was proper. We also note that for the reasons stated above in our discussion of Loveless's summary judgment, Hall filed suit outside the statute of limitations against Paddock, Stephenson, and Reynolds. This is an additional ground that supports the summary judgment for Paddock and Reynolds.[7]

### COURTNEY AND CRAIN

The trial court struck several of Hall's allegation paragraphs in this suit. The struck paragraphs, as relevant to her negligence cause of action, alleged: duty, breach of that duty, and proximate cause. Hall was given ten days from the date of the order to amend her pleadings. Hall never amended her pleadings.

Generally, failure to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). But, summary judgment on a pleading deficiency is proper if a party has had an opportunity by special exception to amend and fails to do so. *Natividad v. Alexsis,* 875 S.W.2d 695, 699 (Tex. 1994); David Hittner and Lynne Liberato, *Summary Judgments in Texas,* 35 S. TEX. L.REV. 9, 25 (1994). We are to review the pleadings in such a situation de novo, taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *Natividad,* 875 S.W.2d at 699. We will affirm the summary judgment only if the pleadings are legally insufficient. *Id.*

As noted above, Hall's pleadings, as struck by the trial court in the Courtney–Crain suit, fail to state a cause of action in negligence against either Courtney or Crain. Accordingly, summary judgment on negligence was proper in the Courtney–Crain suit.

### GROSS NEGLIGENCE

#### LOVELESS

The statute of limitations in a gross negligence case is two years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 1996); *Smith v. Little,* 903 S.W.2d 780, 786 (Tex.App.—Dallas 1995, writ granted). As we discussed above, Hall filed her suit against Loveless outside of the two-year statute of limitations. Summary judgment for Loveless on this basis was therefore proper.

#### PADDOCK, STEPHENSON, AND REYNOLDS

Gross negligence has two components: (1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex.1994); *see also* TEX.CIV.PRAC. & REM.CODE ANN. § 41.001(5) (Vernon Supp.1996). Objectively, the defendant's conduct must involve an "extreme degree of risk," a threshold significantly higher than the objective "reasonable person" test for negligence. *Moriel,* 879 S.W.2d at 22. What lifts ordinary negligence into gross negligence is the defendant's subjective mental state. *Id.* at 20.

A plaintiff who cannot support a negligence cause of action cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence. *Shell Oil Co. v. Humphrey,* 880 S.W.2d 170, 174 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Trevino v. Lightning Laydown, Inc.,* 782 S.W.2d 946,

7. Because Stephenson did not move for summary judgment on the basis of the statute of limitations, this does not support the judgment in his favor.

949 (Tex.App.—Austin 1990, writ denied). As stated above, Hall's negligence claim against Paddock, Stephenson, and Reynolds was not supported by the summary judgment evidence; thus, her gross negligence claim must also fail.

Additionally, Hall's suit against Paddock and Reynolds was filed outside the applicable statute of limitations. This further supports their summary judgments.

Summary judgment for these attorneys on Hall's gross negligence claim was proper.

### COURTNEY AND CRAIN

As discussed above, the negligence action against Courtney and Crain was insupportable because of the stricken paragraphs. Therefore, her gross negligence claim is also insupportable. *Shell Oil*, 880 S.W.2d at 174.

### DTPA

### LOVELESS

 The statute of limitations for an action brought under the DTPA is as follows:

All actions brought under [the DTPA] must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). Therefore, the discovery rule is statutorily included in the DTPA statute of limitations. *Willis*, 760 S.W.2d at 647. But, Hall still had the burden to plead *and* prove discovery to prevent limitations from barring her DTPA action. *See id.* As we pointed out in our negligence discussion, Hall did not plead the discovery rule. Hall's DTPA action is barred by the statute of limitations and summary judgment for Loveless was proper.

### PADDOCK, STEPHENSON AND REYNOLDS

For a consumer to prevail under a DTPA cause of action, the deceptive act or practice must be a "producing cause of economic damages or damages for mental anguish." TEX.BUS. & COM.CODE ANN. § 17.50(a) (Vernon Supp.1996). A producing cause is

an efficient, exciting or contributing cause, which in the natural sequence, produced injuries or damages. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 182 (Tex. 1995). Neither reliance nor foreseeability are required. *Camden Mach. & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 311 (Tex. App.—Fort Worth 1993, no writ). However, some causal connection must be shown between the deceptive act and the actual damages suffered. *Id.* Thus, producing cause requires that the defendants' conduct be a substantial factor in bringing about the plaintiff's injuries. *Allbritton*, 898 S.W.2d at 775. Producing cause is not established if the defendant's conduct does no more than provide conditions that make the plaintiff's injury possible. *Id.* at 776.

While the DTPA requires producing cause, negligence requires proximate cause. *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex.1993). Common to both proximate and producing cause is causation in fact. *Allbritton*, 898 S.W.2d at 775.

As we discussed above regarding Hall's negligence claim, Hall failed to show us a material fact issue precluding summary judgment on cause in fact. Thus, Hall has likewise failed to establish producing cause. Summary judgment was proper for Paddock, Stephenson, and Reynolds on this ground.

Summary judgment was also proper for Paddock and Reynolds on the statute of limitations for the same reason it was proper for Loveless.

### COURTNEY AND CRAIN

The trial court struck Hall's paragraph on her DTPA claim that alleged that the acts by Courtney and Crain violated the DTPA. Because Hall failed to amend the deficiency after given an opportunity to do so, we find that Hall failed to state a claim under the DTPA as to Courtney and Crain. Summary judgment was proper.

### CONCLUSION

For the reasons stated above, we affirm the judgments of the trial court.