MOHR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-344-CR

LEWIS THOMPSON MOHR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 29, 2002, a jury convicted Appellant Lewis Thompson Mohr of the offense of misdemeanor assault causing bodily injury.  The trial court sentenced Appellant to 133 days’ confinement in the Tarrant County Jail.  Appellant appeals the trial court’s judgment.  We affirm. 

Appellant challenges the trial court’s denial of his motion for a change of venue under Texas Rules of Civil Procedure 257-259.  This is a criminal case and we therefore address Appellant’s issue under the Texas Code of Criminal Procedure section applicable to change of venue.  
Tex. Code Crim. Proc. Ann.  
art. 
31.03  (
Vernon 1989).

 We review the denial of a motion to change venue for an abuse of discretion.  
Dewberry v. State
, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000); 
DeBlanc v. State
, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991).  We will not reverse a trial court's ruling on a motion to change venue if the ruling was within the realm of reasonableness, given the facts presented to the trial court.  
Powell v. State
, 898 S.W.2d 821, 826 (Tex. Crim. App. 1994), 
cert. denied
, 516 U.S. 991 (1995).

Appellant’s motion did not assert and the evidence on the record, including the State’s controverting affidavit, is not sufficient to prove 1) that there exists a prejudice in Tarrant County that is so great he cannot obtain a fair and impartial trial or 2) that there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 31.03.  Unless one of these factors is present, the trial court does not abuse its discretion by denying a change of venue.  
See id.

In one sentence, Appellant additionally asserts that the trial court improperly denied his petition for writ of habeas corpus.  We do not address this argument because it is not briefed.  
Tex. R. App. P. 38.1(
h), 38.9; 
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing the “long-standing rule” that point may be waived due to inadequate briefing); 
Hall v. Stephenson,
 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied) (holding that an inadequately briefed point may be waived on appeal).

We overrule Appellant’s complaint and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH  

Tex. R. App. P. 
47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.