COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
  
NO. 2-02-344-CR

  
LEWIS 
THOMPSON MOHR                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
May 29, 2002, a jury convicted Appellant Lewis Thompson Mohr of the offense of 
misdemeanor assault causing bodily injury. The trial court sentenced Appellant 
to 133 days’ confinement in the Tarrant County Jail. Appellant appeals the 
trial court’s judgment. We affirm.
        Appellant 
challenges the trial court’s denial of his motion for a change of venue under 
Texas Rules of Civil Procedure 257-259. This is a criminal case and we therefore 
address Appellant’s issue under the Texas Code of Criminal Procedure section 
applicable to change of venue. Tex. Code 
Crim. Proc. Ann. art. 31.03 (Vernon 1989).
        We 
review the denial of a motion to change venue for an abuse of discretion. Dewberry 
v. State, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000); DeBlanc v. State, 799 S.W.2d 701, 705 (Tex. Crim. App. 
1990), cert. denied, 501 U.S. 1259 (1991). We will not reverse a trial 
court's ruling on a motion to change venue if the ruling was within the realm of 
reasonableness, given the facts presented to the trial court. Powell v. State, 
898 S.W.2d 821, 826 (Tex. Crim. App. 1994), cert. denied, 516 U.S. 991 
(1995).
        Appellant’s 
motion did not assert and the evidence on the record, including the State’s 
controverting affidavit, is not sufficient to prove 1) that there exists a 
prejudice in Tarrant County that is so great he cannot obtain a fair and 
impartial trial or 2) that there is a dangerous combination against him 
instigated by influential persons, by reason of which he cannot expect a fair 
trial. See Tex. Code Crim. Proc. 
Ann. art. 31.03. Unless one of these factors is present, the trial court 
does not abuse its discretion by denying a change of venue. See id.
        In 
one sentence, Appellant additionally asserts that the trial court improperly 
denied his petition for writ of habeas corpus. We do not address this argument 
because it is not briefed. Tex. R. App. 
P. 38.1(h), 38.9; Fredonia State Bank v. Gen. Am. Life Ins. Co., 
881 S.W.2d 279, 284-85 (Tex. 1994) (discussing the “long-standing rule” that 
point may be waived due to inadequate briefing); Hall v. Stephenson, 919 
S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied) (holding that an 
inadequately briefed point may be waived on appeal).
        We 
overrule Appellant’s complaint and affirm the trial court’s judgment.
  
                                                                PER 
CURIAM


  
PANEL 
F:   HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.