02-10-311-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 


 

NO. 02-10-00311-CV

 

 


 
 
 Eugene Flores
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Office Depot, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 393rd
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Eugene Flores, proceeding pro se, appeals the summary judgment granted in favor
of Appellee Office Depot, Inc.  We will affirm.

          Flores
went to Office Depot to mail car parts.  Flores input the package’s information
into a self-service terminal at Office Depot, and an Office Depot employee
named Chrys McKinstry-Meachem taped and weighed the package.  Chrys informed
Flores that, per UPS rules,[2]
he would need a receipt for the value of the contents in the package to be
reimbursed if the package was lost.[3]
 Flores told Chrys that the package contained used Rolls Royce parts from his
car and that he therefore did not have a receipt.  The shipping receipt shows
that Flores declared the value of the package at $1,200; that he declined
coverage; and that the maximum covered value of the package was $100.[4] 
The package was lost in transit.  Thereafter, Flores provided Office Depot
District Manager Richard Gregory with an estimate that showed that replacement
cost for the parts was over $2,000, but Flores tried to collect only the $1,200
that he originally claimed as the value of the parts on his receipt.  Office
Depot paid Flores $100, plus the shipping fee, for his loss.

          In
his second amended petition, Flores sued UPS and Office Depot for joint
enterprise; negligent hiring, supervision, training, or retention; apparent
authority;[5] and “fraudulent
inducement negligent misrepresentation.”  Flores supplemented his second
amended petition to claim damages of $20,000 because “Rolls Royce parts are
rare and expensive, due to supply and demand.”

          Flores
moved for summary judgment on his claims against Office Depot and UPS.[6]
 Flores’s summary judgment evidence consisted of a copy of his shipping
receipt, a letter from Office Depot stating that UPS had accepted responsibility
for the lost package and had issued payment for $100 plus shipping charges, a
copy of the check issued by UPS to Office Depot for the loss, and copies of emails
and letters from Flores.  Flores did not attach any evidence of the value of
his used Rolls Royce parts,[7] nor did he attach any
deposition testimony regarding any alleged misrepresentation made by any Office
Depot employee.

          Office
Depot responded by filing its own traditional and no-evidence motion for
summary judgment.  Office Depot attached as its summary judgment evidence
Chrys’s affidavit, a copy of the shipping receipt/contract signed by Flores,
and the affidavit of UPS employee Larry Bennet, to which a copy of the “UPS
Tariff/Terms And Conditions Of Service For Package Shipments In The United
States” was attached.  The trial court held a hearing on the competing motions
for summary judgment, denied Flores’s motion for summary judgment, and granted
Office Depot’s combined traditional and no-evidence motion for summary judgment
without specifying a ground.[8]

          Following
the final judgment, Flores filed a motion for new trial, which the trial court
denied.  This appeal followed.[9]

We
struck Flores’s first brief for noncompliance with the rules of appellate
procedure.  See Tex. R. App. P. 38.  The amended brief before this court
still does not comply with Texas Rule of Appellate Procedure 38.1(d).  Tex. R.
App. P. 38.1(d).  Flores lists ten “Issues Presented” in his brief, but in his
sole “Argument” section, he sets forth only the rules and case law related to
summary judgments, the elements of fraud by forgery, and case law related to
vicarious liability; the argument section contains no references to the record.

A
pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure.  Strange v. Cont’l Cas.
Co., 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied), cert.
denied, 543 U.S. 1076 (2005).  On appeal, as at trial, the pro se appellant
must properly present his case.  Id. at 678.  To properly present a case
on appeal, the appellant’s brief must contain a clear and concise argument for
the contentions made with appropriate citations to authorities.  See
Tex. R. App. P. 38.1(i).

          Flores’s
issues appear to encompass the rulings made by the trial court on the motions
for summary judgment and the motion for new trial, but as noted above, his ten
issues are not supported by corresponding arguments or appropriate citations to
the record.[10]  We do not have a duty
to conduct an independent review of the record and applicable law to determine
whether the error complained of occurred.  See Hall v. Stephenson, 919
S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied).  Instead,
inadequately briefed issues may be waived on appeal.  Id. at 467; Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994)
(discussing “long-standing rule” that point may be waived due to inadequate
briefing).  Accordingly, we hold that Flores has waived his ten issues due to
inadequate briefing.  See Fredonia, 881 S.W.2d at 284.  We
therefore overrule all of Flores’s issues and affirm the trial court’s
judgment.

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER
and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:  June 30, 2011









[1]See Tex. R. App. P. 47.4.





[2]Office Depot utilized UPS
to ship packages.





[3]Flores interpreted Chrys’s
statement to mean that the package could not be insured if he did not have a
receipt for the contents.  Flores’s interpretation is technically correct,
i.e., it would be pointless to insure the package for $1,200 if he had no
receipt for the contents because he would not be reimbursed without such
receipt.





[4]The summary judgment
evidence includes a copy of the receipt, which contains the disclaimer:  “I
declare that the value of my parcel does not exceed $100 unless otherwise
stated on this receipt and the appropriate fee has been paid.”  The receipt
shows the following:

Declared
value: $1,200.00

Declared
value coverage

declined
– Maximum covered

value
= $100.00





[5]We note that apparent
authority is not itself a cause of action; rather, it can be used to establish
a principal’s liability when there is no actual authority.  See Millan v.
Dean Witter Reynolds, Inc., 90 S.W.3d 760, 767 (Tex. App.—San Antonio 2002,
pet. denied) (citing Baptist Mem’l Hosp. Sys. v. Sampson, 969 S.W.2d
945, 949 (Tex. 1998)).





[6]In his motions for summary
judgment, Flores specified that he had sued Office Depot for negligent hiring,
supervision, training, and retention and alternatively for apparent authority;  Flores
specified that he had sued UPS for negligent hiring, supervision, training, and
retention; alternatively for apparent authority; and for negligent
misrepresentation.





[7]Prior to the summary
judgment hearing, Flores filed two lists of exhibits.  Several of the exhibits
related to Rolls Royce parts, but there was no evidence showing that the
estimates reflected in the exhibits corresponded to the parts that were lost.





[8]UPS filed a motion for
summary judgment, which was granted.  However, because UPS is not involved in
this appeal, we need not further detail procedural history related to Flores’s
claims against UPS.





[9]We note that the trial
court made the following statements at the hearing on Flores’s motion for new
trial:

But I am finding that I believe any appeal would be
frivolous and I hope if you decide to appeal, sir, and that’s your choice, I am
not -- I am not denying your right to do that, but I think that if the Court of
Appeals takes into account this record that they will find that your claims
were groundless and if you choose to incur legal costs, I hope that the
appellate court will take this record into account and find that any appeal is
frivolous, so I state that for the record.

. . . .

I am putting you on notice that a judge has found that
your case is groundless and that if you do choose to appeal, that any
subsequent adjudatory [sic] body that may consider your appeal can take that
into account.





[10]Additionally, Flores’s
complaints about the summary judgment on his claims against Office Depot for
negligent hiring, supervision, training, and retention and alternatively for
apparent authority are substantively difficult to decipher without arguments or
record references due to the fact that the complaints are factually based
solely on Flores’s one-time shipping of a package of car parts.