

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00311-CV

EUGENE FLORES                                                      APPELLANT

V.

OFFICE DEPOT, INC.                                                  APPELLEE

----------

## FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eugene Flores, proceeding pro se, appeals the summary judgment granted in favor of Appellee Office Depot, Inc. We will affirm.

Flores went to Office Depot to mail car parts. Flores input the package's information into a self-service terminal at Office Depot, and an Office Depot employee named Chrys McKinstry-Meachem taped and weighed the package.

---
[1]*See* Tex. R. App. P. 47.4.

Chrys informed Flores that, per UPS rules,[2] he would need a receipt for the value of the contents in the package to be reimbursed if the package was lost.[3] Flores told Chrys that the package contained used Rolls Royce parts from his car and that he therefore did not have a receipt. The shipping receipt shows that Flores declared the value of the package at $1,200; that he declined coverage; and that the maximum covered value of the package was $100.[4] The package was lost in transit. Thereafter, Flores provided Office Depot District Manager Richard Gregory with an estimate that showed that replacement cost for the parts was over $2,000, but Flores tried to collect only the $1,200 that he originally claimed as the value of the parts on his receipt. Office Depot paid Flores $100, plus the shipping fee, for his loss.

In his second amended petition, Flores sued UPS and Office Depot for joint enterprise; negligent hiring, supervision, training, or retention; apparent

---

[2]Office Depot utilized UPS to ship packages.

[3]Flores interpreted Chrys's statement to mean that the package could not be insured if he did not have a receipt for the contents. Flores's interpretation is technically correct, i.e., it would be pointless to insure the package for $1,200 if he had no receipt for the contents because he would not be reimbursed without such receipt.

[4]The summary judgment evidence includes a copy of the receipt, which contains the disclaimer: "I declare that the value of my parcel does not exceed $100 unless otherwise stated on this receipt and the appropriate fee has been paid." The receipt shows the following:

Declared value: $1,200.00
Declared value coverage
declined – Maximum covered
value = $100.00

2

authority;[5] and "fraudulent inducement negligent misrepresentation." Flores supplemented his second amended petition to claim damages of $20,000 because "Rolls Royce parts are rare and expensive, due to supply and demand."

Flores moved for summary judgment on his claims against Office Depot and UPS.[6] Flores's summary judgment evidence consisted of a copy of his shipping receipt, a letter from Office Depot stating that UPS had accepted responsibility for the lost package and had issued payment for $100 plus shipping charges, a copy of the check issued by UPS to Office Depot for the loss, and copies of emails and letters from Flores. Flores did not attach any evidence of the value of his used Rolls Royce parts,[7] nor did he attach any deposition testimony regarding any alleged misrepresentation made by any Office Depot employee.

---

[5]We note that apparent authority is not itself a cause of action; rather, it can be used to establish a principal's liability when there is no actual authority. *See Millan v. Dean Witter Reynolds, Inc.*, 90 S.W.3d 760, 767 (Tex. App.—San Antonio 2002, pet. denied) (citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 949 (Tex. 1998)).

[6]In his motions for summary judgment, Flores specified that he had sued Office Depot for negligent hiring, supervision, training, and retention and alternatively for apparent authority; Flores specified that he had sued UPS for negligent hiring, supervision, training, and retention; alternatively for apparent authority; and for negligent misrepresentation.

[7]Prior to the summary judgment hearing, Flores filed two lists of exhibits. Several of the exhibits related to Rolls Royce parts, but there was no evidence showing that the estimates reflected in the exhibits corresponded to the parts that were lost.

3

Office Depot responded by filing its own traditional and no-evidence motion for summary judgment. Office Depot attached as its summary judgment evidence Chrys's affidavit, a copy of the shipping receipt/contract signed by Flores, and the affidavit of UPS employee Larry Bennet, to which a copy of the "UPS Tariff/Terms And Conditions Of Service For Package Shipments In The United States" was attached. The trial court held a hearing on the competing motions for summary judgment, denied Flores's motion for summary judgment, and granted Office Depot's combined traditional and no-evidence motion for summary judgment without specifying a ground.[8]

Following the final judgment, Flores filed a motion for new trial, which the trial court denied. This appeal followed.[9]

---

[8]UPS filed a motion for summary judgment, which was granted. However, because UPS is not involved in this appeal, we need not further detail procedural history related to Flores's claims against UPS.

[9]We note that the trial court made the following statements at the hearing on Flores's motion for new trial:

> But I am finding that I believe any appeal would be frivolous and I hope if you decide to appeal, sir, and that's your choice, I am not -- I am not denying your right to do that, but I think that if the Court of Appeals takes into account this record that they will find that your claims were groundless and if you choose to incur legal costs, I hope that the appellate court will take this record into account and find that any appeal is frivolous, so I state that for the record.
>
> . . . .
>
> I am putting you on notice that a judge has found that your case is groundless and that if you do choose to appeal, that any

4

We struck Flores's first brief for noncompliance with the rules of appellate procedure. *See* Tex. R. App. P. 38. The amended brief before this court still does not comply with Texas Rule of Appellate Procedure 38.1(d). Tex. R. App. P. 38.1(d). Flores lists ten "Issues Presented" in his brief, but in his sole "Argument" section, he sets forth only the rules and case law related to summary judgments, the elements of fraud by forgery, and case law related to vicarious liability; the argument section contains no references to the record.

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). On appeal, as at trial, the pro se appellant must properly present his case. *Id.* at 678. To properly present a case on appeal, the appellant's brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities. *See* Tex. R. App. P. 38.1(i).

Flores's issues appear to encompass the rulings made by the trial court on the motions for summary judgment and the motion for new trial, but as noted above, his ten issues are not supported by corresponding arguments or appropriate citations to the record.[10] We do not have a duty to conduct an

subsequent adjudatory [sic] body that may consider your appeal can take that into account.

[10]Additionally, Flores's complaints about the summary judgment on his claims against Office Depot for negligent hiring, supervision, training, and retention and alternatively for apparent authority are substantively difficult to

independent review of the record and applicable law to determine whether the error complained of occurred. *See Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). Instead, inadequately briefed issues may be waived on appeal. *Id.* at 467; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing). Accordingly, we hold that Flores has waived his ten issues due to inadequate briefing. *See Fredonia*, 881 S.W.2d at 284. We therefore overrule all of Flores's issues and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: June 30, 2011

---

decipher without arguments or record references due to the fact that the complaints are factually based solely on Flores's one-time shipping of a package of car parts.