

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00207-CV

———————————————

LOU ANNE PERKINS, Appellant

V.

BARRY HICKS, Appellee

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 15-09007-362

Before Bassel, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

This is the second time we have considered Appellant Lou Anne Perkins's claims against Appellee Barry Hicks. *See Perkins v. Hicks*, No. 02-17-00227-CV, 2018 WL 3968489 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.) (mem. op.). Convinced that Hicks was responsible for allegedly poor workmanship in repairing water damage at her home, Perkins sued Hicks "d/b/a Sunshine Remodeling" for negligence, breach of contract, and breach of warranties. *See id.* at *1. In our first pass of this case, we affirmed the trial court's grant of summary judgment in Hicks's favor on Perkins's claims for breach of contract and breach of warranties because Perkins had sued the wrong party. *Id.* at *6. But we reversed the trial court's summary judgment on Perkins's negligence claim as being outside the statute of limitations and remanded it to the trial court for further proceedings. *See id.*

On remand, Hicks moved for a traditional and no-evidence summary judgment on Perkins's negligence claim, arguing that it failed because (1) Perkins failed to use due diligence in serving Hicks with the lawsuit; (2) the law of the case dictated that Hicks was not the proper defendant; and (3) Hicks did not owe an independent duty to Perkins. The trial court granted Hicks's motion in all respects and dismissed Perkins's negligence claim with prejudice.

Perkins now appeals that decision pro se. Though she is appearing pro se, she is still required to properly present her case. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). She has failed to do so. Even

affording her the liberal construction we are required to give to pro se briefs, Perkins is required to comply with applicable rules and meet the same standards as if represented by counsel. *Id.*; *see* Tex. R. App. P. 38.9.

An appellate brief must contain all points or issues relied upon, arguments and authorities under each point or issue, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found. Tex. R. App. P. 38.1(f)–(g), (i). As the reviewing court, we are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied). Also, we are not obligated to "become advocates for a particular litigant" by performing research and developing argument for that litigant. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotation omitted). Thus, an inadequately briefed issue may not preserve error on appeal because it is not in substantial compliance with the briefing rules. Tex. R. App. P. 38.9; *Hall*, 919 S.W.2d at 467; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that point may not be preserved due to inadequate briefing).

In her opening brief, Perkins provided us with only a few scant citations to the record, no citations to legal argument, and no legal argument presenting her issues. In her reply brief, she asserts that her opening brief still preserved error because she "clearly asserted" that she hired Hicks individually—not his company—to repair her

3

home, and this was sufficient to raise an issue of material fact. She is incorrect. Her bald assertion of facts, without citations to the record and an application of relevant caselaw, failed to preserve any error for appeal. *See Fox v. City of El Paso*, 292 S.W.3d 249, 251 (Tex. App.—El Paso 2009, pet. denied) (overruling pro se appellant's complaints on appeal for failure to preserve due to inadequate briefing and presentation of new issues in reply brief); *Ledbetter v. Soliven*, No. 2-02-060-CV, 2003 WL 151968, at *3 (Tex. App.—Fort Worth Jan. 23, 2003, no pet.) (mem. op.) (holding appellant waived error raising issues not in his opening brief but in his reply brief).

We therefore affirm the trial court's judgment.[1]

Per Curiam

Delivered: December 17, 2020

---

[1]On November 4, Perkins filed a Motion to Recuse Justice Lee Gabriel, who was previously assigned to the panel deciding this appeal. Perkins's assertions of a familial relationship between Justice Gabriel and counsel for Hicks are untrue; there is no familial relationship whatsoever. However, Justice Gabriel has recused herself and we have granted Perkins's motion by separate order issued November 16, 2020.