Winfred Laver HARPER, Independent Executor of the Estate of Dorothy Long Harper, Deceased, Appellant,

v.

Dan Nelson HARPER, Appellee.

Dan Nelson Harper and Ruth Campbell Harper, Appellants,

v.

Winfred Laver Harper, Independent Executor of the Estate of Dorothy Long Harper, Deceased, Appellee.

No. 2–98–381–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1999.

Rehearing Overruled Jan. 27, 2000.

Ralph Henry Bauer, Arlington, for Appellant/Cross Appellee.

McCorkle, Westerburg & Thornton, P.C. and Tom S. McCorkle, Dallas, for Appellee/Cross Appellants.

Panel A: CAYCE, C.J.; DAUPHINOT and BRIGHAM, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

### I. INTRODUCTION

In this appeal, we are primarily asked to decide whether an independent cause of action for fraud on the community estate survives a spouse's death to the benefit of that spouse's estate. Based on binding precedent from the Texas Supreme Court, we are constrained to hold that there is no such independent tort.

### II. BACKGROUND

#### A. FACTUAL BACKGROUND

Dan and Dorothy Harper were married in 1952. In 1973, they opened an office supply business together. Eight years later, Dan and Dorothy sold the business for about $300,000. Dorothy began having health problems in 1986 and needed help around the house. Ruth Campbell was hired to care for Dorothy in early 1993. Ruth quit caring for Dorothy in late August 1993 because of disagreements that arose between the two and Dan. Dorothy's older sister Estelle Hutchings began to come over to care for Dorothy. Estelle saw that Dorothy grew increasingly more despondent while Dan frequently went out in his best clothes, sometimes staying out all night.

In January and May of 1994, Dan bought 65 acres in Comanche County for $105,000. The property was bought in Ruth's name with funds from Dan and Dorothy's community funds. Dan told Dorothy about the investment, and Dorothy visited the property with Dan. Ruth lived on the farm as a "caretaker." Dan spent an additional $24,170 of his and Dorothy's community funds to make improvements on the property, buy equipment for the farm, and buy two 4–wheelers for Ruth's grandchildren to ride while they were at the farm. In April 1994, Dan put Dorothy in a nursing home. Dorothy died on September 4, 1994, and Dan married Ruth one month later. The farm was sold, and Dorothy's estate was paid ½ of the proceeds plus interest—$65,000.

#### B. PROCEDURAL BACKGROUND

Dan and Dorothy's son Winfred Laver Harper, as executor of Dorothy's estate, sued Dan and Ruth for damages arising out of a breach of fiduciary duty by fraud and conspiracy to commit fraud on Dan and Dorothy's community estate. Winfred also sued Ruth for unjust enrichment. The jury found:

- Dan breached his fiduciary duty owed to Dorothy by committing a fraud on their community funds, which resulted in $9,000 in actual damages.
- Ruth conspired with Dan to defraud Dorothy.
- Dan paid $65,000 "in satisfaction of the community interest in the Comanche County property."
- Based on Dan's breach of fiduciary duty, the jury awarded $100,000 in punitive damages against Dan.
- Based on Ruth's conspiracy to defraud Dorothy, the jury awarded $10,000 in punitive damages against Ruth.
- Ruth was unjustly enriched in the amount of $8,000.

The trial court entered judgment in favor of Winfred based on the jury's findings, but did not award punitive damages against Dan.

### III. FRAUD ON THE COMMUNITY

■ Dan and Ruth appeal and argue that breach of a fiduciary duty by fraud on the community estate is not a separate cause of action that survived Dorothy's death. Winfred responds that public policy could not support a result where a personal wrong by one spouse against the other spouse has no remedy unless urged in a divorce action before the death of the wronged spouse. He further asserts that the trial court erred by refusing to award the punitive damages found by the jury against Dan for the fraud.

While we acknowledge the compelling nature of Winfred's public policy argument, the Texas Supreme Court has expressly held that there is no independent tort cause of action for wrongful disposition by a spouse of community assets. *Schlueter v. Schlueter,* 975 S.W.2d 584, 589 (Tex.1998); *see also Belz v. Belz,* 667 S.W.2d 240, 246 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) ("We know of no precedent in Texas for allowing one spouse to sue the other in tort for common law fraud, as a separate cause of action, based upon a depletion of the community estate prior to dissolution of the community estate, either by divorce or the death of one of the spouses."). It is merely a factor to be considered in a trial court's property division conducted in a divorce action. *See Schlueter,* 975 S.W.2d at 589–90; *In re Marriage of Moore,* 890 S.W.2d 821, 829 (Tex.App.—Amarillo 1994, no writ); *Belz,* 667 S.W.2d at 246. Thus, fraud on the community exists outside the realm of tort law and cannot be brought as an independent cause of action. *See* Bradley L. Adams, Comment, *The Doctrine of Fraud on the Community,* 49 Baylor L.Rev. 445, 454 (1997). Therefore, punitive damages based on this cause of action are also not recoverable. *See Schlueter,* 975 S.W.2d at 589.

Accordingly, Winfred could not recover damages for Dan's and Ruth's fraud on the community, and the theory should not have been submitted to the jury. We sustain Dan's and Ruth's first issue and overrule Winfred's sole issue.[1]

## IV. UNJUST ENRICHMENT

In their seventh issue, Dan and Ruth argue that there was legally and factually insufficient evidence to support the jury's finding of unjust enrichment. After stating the applicable standard of review, the argument portion of this issue simply states, "There was no evidence, certainly

no more than a mere scintilla, adduced at trial that Ruth ... did anything that would constitute fraud, duress or the taking of an undue advantage against Dorothy.... Therefore, Question 8 will not support a judgment for damages for unjust enrichment."

An appellate contention must be supported by argument and authorities to be properly before this court. *See* Tex. R.App. P. 38.1(h); *Knoll v. Neblett,* 966 S.W.2d 622, 639 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). We do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *See Hall v. Stephenson,* 919 S.W.2d 454, 466–67 (Tex.App.—Fort Worth 1996, writ denied). Dan and Ruth have not included any citation to authority or a discussion of the facts with appropriate record references to support their sufficiency contention. Accordingly, Dan and Ruth have waived this issue, and we overrule it on that basis. *See TXO Prod. Co. v. M.D. Mark, Inc.,* 999 S.W.2d 137, 143 (Tex.App.—Houston [14th Dist.] 1999, pet. filed).

## V. CONCLUSION

Because there is no independent tort cause of action for fraud on the community, any damages against Dan or Ruth on that basis were erroneous. Thus, we reverse that portion of the trial court's judgment awarding damages on that cause of action. We affirm the trial court's judgment refusing to award punitive damages against Dan. But because the unjust enrichment cause of action was separate from the allegation of fraud on the community, we affirm the trial court's judgment awarding damages on that basis. In sum, we affirm the trial court's award of damages against Ruth for unjust enrichment and the trial court's judgment notwithstanding the verdict that punitive damages

---

1. Because of our disposition of issue one, we need not review issues two, three, four, five, six, or eight brought by Dan and Ruth.

not be awarded against Dan; however, we reverse and render judgment that Winfred take nothing on the remaining portion of the trial court's judgment. *See* Tex.R.App. P. 43.2(c).