**William J. MILLER, Appellant,**

**v.**

**KENNEDY & MINSHEW, PROFESSIONAL CORPORATION a/k/a Kennedy, Minshew, Campbell & Morris, P.C., and a/k/a Kennedy, Minshew & Campbell, P.C., and Robert Minshew, Appellees.**

**No. 2–01–408–CV.**

Court of Appeals of Texas, Fort Worth.

June 6, 2002.

Frederick R. Zlotucha, Law Office of Frederick R. Zlotucha, San Antonio, for Appellant.

James M. Morris, and Jack G. Kennedy, Kennedy & Minshew, P.C., Sherman, Larry B. Sullivant, The Sullivant Law Firm, Gainesville, for Appellee.

PANEL A: CAYCE, C.J.; DAY and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction.

Appellant William J. Miller ("Miller") seeks our review of the trial court's order holding his supersedeas bond insufficient. *See* Tex.R.App. P. 24.4. In two issues,

Miller contends that the trial court erred by finding the supersedeas bond insufficient because there is no "basis in law or fact to reach such conclusion" and the trial court does not have "unbridled authority to determine and order the amount and the type of security and the sufficiency of sureties."[1] We hold that the trial court did not abuse its discretion. We remand the supersedeas issue to the trial court for entry of findings of fact concerning the action necessary by Miller to adequately protect appellees Kennedy & Minshew, P.C. and Robert W. Minshew (collectively referred to as "Minshew") during the pendency of Miller's appeal. See TEX.R.APP. P. 24.4(d).

## II. BACKGROUND FACTS.

A jury returned a verdict for Minshew, and the trial court entered judgment on the jury's verdict. Miller timely posted a supersedeas bond in the amount of $1.2 million. Solomon Abdo ("Abdo") and A.L. Hernden ("Hernden"), two individuals, signed Miller's supersedeas bond as sureties. In connection with the supersedeas bond, Miller filed affidavits from Abdo and Hernden.

Hernden's affidavit swore that he had "good and ample, non-exempt and unencumbered property subject to execution in an amount larger than the amount of 1.2 Million Dollars." Miller attached to Hernden's affidavit a six-month-old financial statement prepared by Hernden and his wife. Abdo's affidavit stated that he possessed "good and ample non-exempt and unencumbered cash in financial institutions in the State of Texas subject to execution

in an amount of at least Two Million Four Hundred Thousand Dollars." Miller attached to Abdo's affidavit two letters from bank vice presidents indicating that Abdo was a client and possessed cash deposits with the bank in excess of 1.2 million dollars.

The district clerk approved the supersedeas bond. Minshew, upon receiving a copy of the bond, filed "Appellees' Objections to Supersedeas Bond and Motion to Set Amount and Type of Security for Bond." Minshew objected to the form of Miller's supersedeas bond because it did not condition liability in accordance with rule 24.1(d) and did not expressly recite that its intended purpose was to stay execution of the judgment. Minshew also asserted that the amount of the bond and the sureties on the bond were insufficient. Minshew requested the court to set the amount and type of security required "upon such conditions as to adequately protect the Appellees against loss or damage during the pendency of the appeal."

Miller filed a response, asserting that the supersedeas bond on its face was sufficient in amount and that he provided the district clerk with evidence of the sufficiency of the sureties. Miller also argued no legal basis existed for Minshew to attack the district clerk's action in approving the bond.

The trial court conducted an evidentiary hearing and later issued an order holding Miller's supersedeas bond insufficient. The trial court made the following findings of fact and conclusions of law:

---

1. Miller sets forth several subarguments under each of his issues; however, he provides no arguments or authorities in support of most of these subarguments. We address only the contentions argued and supported by authority in the body of Miller's brief. See TEX.R.APP. P. 38.1(h) (requiring a brief to contain a clear and concise argument for the contentions made, with appropriate citations to the record); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.) (holding failure to cite authorities for contention waives alleged error).

1. There is no security pledged on the Supersedeas Bond approved by the Clerk.

2. There is no evidence that the sureties will have any assets when this cause is finally decided on appeal.

3. There is no evidence that the principal will have any assets when this cause is finally decided on appeal.

The supersedeas bond approved by the District Clerk is insufficient to assure Appellees that the principal or the sureties will be able to respond to pay the judgment and costs at the conclusion of the appeal of this cause.

### III. STANDARD OF REVIEW.

Miller argues that rule 24.3 authorizes the trial court to review the sufficiency of the sureties only after the circumstances upon which the district clerk based her approval of the bond have changed. Miller also contends that the trial court is authorized to review only whether the district clerk abused her discretion in approving the supersedeas bond. Consequently, he frames our review as limited to determining whether the trial court abused its discretion in determining that the district clerk abused her discretion.

■ We cannot agree with these arguments. Rule 24.3 expressly provides, "Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to do the following: (1) order the amount and type of security and decide the sufficiency of the sureties." TEX.R.APP. P. 24.3(a)(1). This rule does not require a change in circumstances to trigger the trial court's authority to review the sufficiency of the sureties.[2] We hold that the trial court, during its plenary power or after

the expiration of its plenary power, possesses authority to review the sufficiency of the sureties on a supersedeas bond without regard to whether circumstances have changed since the district clerk approved the bond. *See* TEX.R.APP. P. 24.3(a)(1).

■ We likewise hold that when the trial court is called upon to review the sufficiency of the sureties on a supersedeas bond, that review is conducted de novo. The district clerk possesses a ministerial duty to approve a supersedeas bond that complies with rule 24.1(b). *See* TEX.R.APP. P. 24.1(b); *see Ruiz v. Watkins*, 701 S.W.2d 688, 691 (Tex.App.-Amarillo 1985, orig. proceeding). Thus, where a supersedeas bond is supported by documentary proof evidencing the solvency of the sureties, and there is no evidence supporting a contrary conclusion, the district clerk abuses her discretion in failing to approve the bond. *Ruiz*, 701 S.W.2d at 691.

■ The trial court, however, is afforded broad discretion in determining the amount and type of security and the sufficiency of the sureties and may make "any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause." *See* TEX. R.APP. P. 24.1(e), 24.3(a)(1). The trial court is to "decide" the sufficiency of the sureties, not merely review the district clerk's determination regarding the sufficiency of the sureties. *Id.* 24.3(a)(1); *see also Lamar County Elec. Co-op. Ass'n v. Risinger*, 51 S.W.3d 801, 805 (Tex.App.-Texarkana 2001, pet. denied) (recognizing trial court may determine sufficiency of sureties on supersedeas bond). Thus, the trial court, when requested and based on an evidentiary hearing, determines de

---

**2.** The trial court likewise rejected this argument, stating, "I don't read 24.3(a) as saying

anything like what you're telling me."

novo the sufficiency of the amount and type of security and the sufficiency of the sureties. *Lamar County Elec. Co-op. Ass'n*, 51 S.W.3d at 805–06 (holding evidentiary hearing in trial court necessary to determine whether challenged sureties on bond are good and sufficient).

■■■ We review the trial court's rulings concerning the amount and type of security required and the sufficiency of the sureties under an abuse of discretion standard. *See, e.g., TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex.App.-San Antonio 1995, pet. dism'd). To determine whether · a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *see also Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

### IV. NO ABUSE OF DISCRETION BY TRIAL COURT.

■■ Miller argues that the trial court erred by finding his supersedeas bond insufficient because Abdo and Hernden testified at the hearing in the trial court concerning their net worth and assets and

Minshew did not controvert this evidence.[3] Miller called Mr. Kennedy, one of the defendants in the case, who also is an attorney, to testify at the hearing. Kennedy testified that the day after Miller's supersedeas bond was posted, Abdo and Hernden legally could have placed all of their money and assets into an exempt asset, for example a homestead. Kennedy testified that without violating the bond, Hernden and Abdo could liquidate their assets and place them in an offshore account. Ultimately, he testified:

Q. Based on the face of the bond, then, Mr. Kennedy, and common sense and the law, that bond was inadequate, in your opinion, was it not?

A. It is only a promise by two people to pay. The same as Mr. Miller did four years ago. It's a promise by two people who may be worth a lot of money or · may not be worth a lot of money, that they promise to pay if we make a demand if we are successful. There's no assets or security put behind that promise.

Both Hernden and Abdo testified concerning their extensive cash, assets, and investment interests. Hernden admitted on cross-examination that he has been married for the past twenty-four years and that most of his assets would be subject to the community property laws of Texas. Hernden and Abdo also both admitted that there was nothing to prevent them from making other surety bonds based on the same assets. Hernden conceded that the only security offered by virtue of the proposed supersedeas bond was his and Abdo's promise to pay. Moreover, both Hernden and Abdo expressly testified that they were able to and capable of posting assets as security for the supersedeas

---

**3.** The trial court sustained Minshew's objections to Abdo's and Hernden's affidavits, and neither the affidavits nor their attachments were admitted into evidence at the hearing.

bond and that there was "no reason" they could not, except "that's not the law."

Hernden testified on cross-examination that Miller posted a $4 million dollar note with Abdo as security for Abdo and Hernden serving as sureties on his supersedeas bond. Based on Miller's assignment of the note to Abdo, Abdo received payments of $45,000 per month under the note. Minshew offered into evidence a copy of a letter he sent to Miller's attorney proposing to suspend execution of the judgment by a rule 11 agreement if Miller would post the $4 million dollar note with the court and allow the $45,000 monthly payments to be deposited into the registry of the court during the pendency of the appeal. Miller rejected this proposal. Minshew pointed out during his cross-examination of Hernden and Abdo that, although they were both completely secured and collateralized on their supersedeas bond obligation by virtue of the $4 million dollar note, appellees as judgment creditors possessed no security or collateral concerning Miller's, Abdo's, or Hernden's obligations on the supersedeas bond.

 Minshew requested the trial court to "set the amount and type of security of the bond in such sum and upon such conditions as to adequately protect the Appellees against loss or damage during the pendency of the appeal." The trial court is authorized to make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause. Tex.R.App. P. 24.1(e). Moreover, at a contested evidentiary hearing, the trial court is the sole judge of the credibility of the witnesses and may believe or disbelieve any part of the witnesses' testimony. *See, e.g., Universal Printing Co., Inc. v. Premier Victorian Homes, Inc.,* 73 S.W.3d 283, 295 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (holding the trial court, as the trier of fact at the jury demand hearing, is the sole judge of the credibility of the witnesses and the weight to be given their testimony).

Based on the evidence presented, the trial court did not abuse its discretion in determining that Miller's supersedeas bond did not adequately protect Minshew from loss or damage during the pendency of Miller's appeal. Abdo and Hernden testified that they were not legally required to protect their assets during the pendency of the appeal. Hernden testified that the vast majority of the property he possessed was subject to Texas community property laws. Moreover, Kennedy, who has been practicing law for fifty-two years, testified that Miller's supersedeas bond was insufficient to protect appellees. Finally, both Abdo and Hernden testified that, as sureties on Miller's supersedeas bond, they were able and willing to post security except they were not required to by law. Thus, the record supports the trial court's conclusion that "[t]he supersedeas bond approved by the District Clerk is insufficient to assure Appellees that the principal or the sureties will be able to respond to pay the judgment and costs at the conclusion of the appeal." We overrule Miller's first and second issues.

 Miller also complains that the trial court's order declaring his supersedeas bond insufficient does not tell him in what respect the bond is inadequate so that he may post a satisfactory bond. We agree that, although the trial court did not abuse its discretion in declaring the bond insufficient based on its inadequate protection of the judgment creditor, the trial court is required to order the specific action it deems necessary to adequately protect the judgment creditor. Tex.R.App. P. 24.1(e). Therefore, we will remand the supersedeas issue to the trial court for entry of findings of fact concerning the action necessary by

Miller to correct his supersedeas bond so that it provides adequate protection to Minshew.

### V. Conclusion.

Having overruled both of Miller's issues, we affirm the trial court's order holding Miller's supersedeas bond insufficient. We remand the supersedeas issue to the trial court for entry of findings of fact concerning the action necessary by Miller to correct his supersedeas bond so that it provides adequate protection to Minshew. After making such findings, the trial court shall enter an order giving Miller twenty-one days to file an amended supersedeas bond.