City of Arlington v. State Farm Lloyds

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-089-CV

CITY OF ARLINGTON AND APPELLANTS AND

STATE FARM LLOYDS
 
APPELLEES

V.

STATE FARM LLOYDS AND APPELLEES AND

CITY OF ARLINGTON
 
APPELLANTS

------------

FROM THE 67
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

The City of Arlington (“City”) and State Farm Lloyds (“State Farm”) appeal from the denial of their respective motions for judgment notwithstanding the verdict.  We will affirm the trial court’s judgment.

II. Factual and Procedural History

On two separate occasions, September 6, 1997, and July 9, 1998, obstructions in a sewer line caused raw sewage to back up into the home of Michael and Sonia Bates, located at 435 Washington Drive in Arlington.  Free-flowing sewage caused significant damage to the interior of the house and necessitated extensive repairs on each occasion.  Pursuant to the Bateses’ homeowner’s policy with State Farm, State Farm paid the Bateses $12,973.61 following the September 1997 occurrence and $85,832.96 following the July 1998 occurrence.  State Farm then brought this subrogation claim against the City to recover the monies it had paid the Bateses, asserting that the City was liable for maintaining a nuisance and that the damage to the home constituted a taking of the Bateses’ property in violation of the Texas Constitution.

Following a trial on the merits, the jury returned a verdict awarding State Farm zero damages for the September 6, 1997 sewage back-up and $42,916 for the July 9, 1998 incident.  The City moved for judgment notwithstanding the verdict, alleging that no disputed issues of material fact existed, questions of law were submitted to the jury, and that the nuisance and taking claims failed as a matter of law.  State Farm moved for partial judgment notwithstanding the verdict, asking the trial court to disregard the jury’s award of zero damages for the first incident and to substitute damages of $12,723.61.  After conducting a hearing, the trial court denied both motions and entered judgment on the jury’s verdict.

III. The City’s Issues on Appeal

In four issues, the City complains that the trial court erred by denying the City’s motions for directed verdict and for judgment notwithstanding the verdict because: (1) the evidence is legally insufficient to support an inverse condemnation claim; (2) the evidence is legally insufficient to support a nuisance claim; (3) the allegations are legally insufficient to state a cognizable claim for inverse condemnation or nuisance; and (4) the trial court erred in submitting questions of law to the jury.  The City’s brief, however, contains no record references with regard to issues one, two, and four.  Issue three, which is briefed in two sentences, cites two pages of the record consisting of the City’s oral motion for directed verdict and the trial court’s denial of same. Additionally, although the City claims in issue four that the trial court erred by submitting questions of law to the jury, its brief does not identify the questions it contends were improperly submitted, does not cite the location in the clerk’s record where the allegedly erroneous questions were submitted, and does not cite the location in the reporter’s record where the City objected to the submission of the purportedly improper questions.

For an issue to be properly before this court, the issue must be supported by argument and authorities and must contain appropriate citations to the record.  
See
 
Tex. R. App. P.
 38.1(h); 
Knoll v. Neblett
, 966 S.W.2d 622, 639 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. denied).  An appellant has the duty to show that the record supports her contentions and to point to the supporting places in the record.  
Tex. R. App. P. 38.1(
h).  Merely asserting that no evidence supports the complained-of judgment will not suffice.  
See Harper v. Harper
, 8 S.W.3d 782, 784 (Tex. App.—Fort Worth 1999, pet. denied).  This court is not required to search a voluminous record, with no guidance from the City, to determine whether the record supports the City’s contentions on appeal.  
See
 
Hall v. Stephenson
, 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied); 
Casteel-Diebolt v. Diebolt
, 912 S.W.2d 302, 305 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  The failure to cite to relevant portions of the trial court record waives appellate review.  
See Tacon Mechanical Contractors v. Grant Sheet Metal Inc.
, 889 S.W.2d 666, 671 (Tex. App.—Houston [14
th
 Dist.] 1994, writ denied); 
see also Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994) (discussing “long-standing rule” that issues may be waived due to inadequate briefing).

With regard to issues one through three, the City has failed to establish, with proper record references, what the evidence adduced at trial was and how that evidence supports its contentions on appeal.  Accordingly, the City  waived these issues.  
See, e.g., Fredonia
, 881 S.W.2d at 284.
  We overrule the City’s first, second, and third issues.  
With regard to its fourth issue complaining that the trial court erred by submitting questions of law to the jury, the City’s brief likewise fails to cite us to relevant portions of the record and fails to explain which specific questions were purportedly improperly submitted.  Accordingly, the City waived this issue.  
See id.
  We overrule the City’s fourth issue. 

IV. State Farm’s Cross-appeal

As cross-appellant, State Farm complains in a single point that the trial court erred by denying its motion for partial judgment notwithstanding the verdict.  Specifically, State Farm claims that it conclusively established that it paid the Bateses $12,723.61  for repairs and loss of use of their residence from the September 1997 sewer back up and that, therefore, the trial court should have granted judgment notwithstanding the jury’s zero damage award and rendered judgment for State Farm for an additional $12,723.61 plus prejudgment interest.

A trial court may disregard a jury’s verdict and render judgment non obstante veredicto (n.o.v.) if there is no evidence to support the jury’s findings necessary to liability or if a directed verdict would have been proper.  
Brown v. Bank of Galveston,
 963 S.W.2d 511, 513 (Tex. 1998); 
Fort Bend County Drainage Dist. v. Sbrusch,
 818 S.W.2d 392, 394 (Tex. 1991)
; 
see also
 
Tex. R. Civ. P. 
301.  A directed verdict is proper only under limited circumstances:  (1) the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (2) the evidence is insufficient to raise a fact issue that must be established before the opponent is entitled to judgment.
 Prudential Ins. Co. v. Fin. Review Servs., Inc., 
29 S.W.3d 74, 77 (Tex. 2000); 
Boswell v. Farm & Home Sav. Ass'n
, 894 S.W.2d 761, 768 (Tex. App.—Fort Worth 1994, writ denied).  In determining whether there is no evidence to support the jury verdict, we consider the evidence in the light most favorable to the jury’s finding, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences contrary to the finding.  
Brown,
 963 S.W.2d at 513; 
Navarette v. Temple Indep. Sch. Dist.
, 706 S.W.2d 308, 309 (Tex. 1986).

The evidence supporting the jury’s zero finding concerning State Farm’s damages
(footnote: 2) includes a Statement of Loss prepared by State Farm claims adjuster David L. Derasaugh on January 17, 2002.  The form lists three coverage categories and provides space for the preparer to enter a description and value for each loss listed thereunder.  However, nothing is listed under these categories except two totals entered by Derasaugh:  $11,973.61 under category A—Building, and $1,000 under category B—Contents.  Category C, Loss of Use, is entirely blank.  In his testimony, Derasaugh described these figures as 
estimates
 of the amounts “provided to rebuild the - - and/or clean first property, building, and/or additional expenses for the Bates’ house on the loss number one, the first loss.”  The record evidence relating to the first back-up likewise consists of mere estimates—a collection of unsigned bids and job estimates dated from October 7, 1997 to February 26, 1998.  In addition, the photographic evidence of damages in the record before us appears to relate solely to the second back-up, for which money damages were awarded. Viewing Derasaugh’s testimony, the conclusory nature of the Statement of Loss, and the record exhibits, in the light most favorable to the jury’s verdict, we hold that State Farm’s damages arising from the first back-up were not conclusively established at trial.  Accordingly, the trial court did not err by denying State Farm’s motion for partial judgment notwithstanding the verdict.  We overrule State Farm’s cross point.

V. Conclusion

Having overruled all of the City’s issues as well as State Farm Lloyd’s cross-point, we affirm the judgment of the trial court.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER and WALKER, JJ.

[Delivered March 20, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
We note that question number 5 asked the jury to find the sum of money that would compensate State Farm for their damages for the repairs and loss of use of the insured’s residence instead of asking the jury to find the amount of damages to the property or to the insureds.  Thus, the jury may have reasoned that State Farm, as opposed to the property or the insureds, suffered no damages.