COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-089-CV
 
CITY OF ARLINGTON AND                                            
APPELLANTS AND
STATE FARM LLOYDS                                                    
APPELLEES
V.
STATE FARM LLOYDS AND                                            
APPELLEES AND
CITY OF ARLINGTON                                                        
APPELLANTS
------------
FROM THE 67
TH
DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I. Introduction
The City of Arlington ("City") and State Farm Lloyds ("State
Farm") appeal from the denial of their respective motions for judgment
notwithstanding the verdict. We will affirm the trial court's judgment.

II. Factual and Procedural History
On two separate occasions, September 6, 1997, and July 9, 1998, obstructions
in a sewer line caused raw sewage to back up into the home of Michael and Sonia
Bates, located at 435 Washington Drive in Arlington. Free-flowing sewage caused
significant damage to the interior of the house and necessitated extensive
repairs on each occasion. Pursuant to the Bateses' homeowner's policy with State
Farm, State Farm paid the Bateses $12,973.61 following the September 1997
occurrence and $85,832.96 following the July 1998 occurrence. State Farm then
brought this subrogation claim against the City to recover the monies it had
paid the Bateses, asserting that the City was liable for maintaining a nuisance
and that the damage to the home constituted a taking of the Bateses' property in
violation of the Texas Constitution.
Following a trial on the merits, the jury returned a verdict awarding State
Farm zero damages for the September 6, 1997 sewage back-up and $42,916 for the
July 9, 1998 incident. The City moved for judgment notwithstanding the verdict,
alleging that no disputed issues of material fact existed, questions of law were
submitted to the jury, and that the nuisance and taking claims failed as a
matter of law. State Farm moved for partial judgment notwithstanding the
verdict, asking the trial court to disregard the jury's award of zero damages
for the first incident and to substitute damages of $12,723.61. After conducting
a hearing, the trial court denied both motions and entered judgment on the
jury's verdict.
 
III. The City's Issues on Appeal
In four issues, the City complains that the trial court erred by denying the
City's motions for directed verdict and for judgment notwithstanding the verdict
because: (1) the evidence is legally insufficient to support an inverse
condemnation claim; (2) the evidence is legally insufficient to support a
nuisance claim; (3) the allegations are legally insufficient to state a
cognizable claim for inverse condemnation or nuisance; and (4) the trial court
erred in submitting questions of law to the jury. The City's brief, however,
contains no record references with regard to issues one, two, and four. Issue
three, which is briefed in two sentences, cites two pages of the record
consisting of the City's oral motion for directed verdict and the trial court's
denial of same. Additionally, although the City claims in issue four that the
trial court erred by submitting questions of law to the jury, its brief does not
identify the questions it contends were improperly submitted, does not cite the
location in the clerk's record where the allegedly erroneous questions were
submitted, and does not cite the location in the reporter's record where the
City objected to the submission of the purportedly improper questions.
For an issue to be properly before this court, the issue must be supported by
argument and authorities and must contain appropriate citations to the record. See
Tex. R. App. P. 38.1(h); Knoll v. Neblett, 966 S.W.2d 622, 639 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied). An appellant has the
duty to show that the record supports her contentions and to point to the
supporting places in the record. Tex. R. App. P. 38.1(h). Merely asserting that
no evidence supports the complained-of judgment will not suffice. See Harper
v. Harper, 8 S.W.3d 782, 784 (Tex. App.--Fort Worth 1999, pet. denied).
This court is not required to search a voluminous record, with no guidance from
the City, to determine whether the record supports the City's contentions on
appeal. See Hall v. Stephenson, 919 S.W.2d 454, 466-67 (Tex.
App.--Fort Worth 1996, writ denied); Casteel-Diebolt v. Diebolt, 912
S.W.2d 302, 305 (Tex. App.--Houston [14th Dist.] 1995, no writ). The
failure to cite to relevant portions of the trial court record waives appellate
review. See Tacon Mechanical Contractors v. Grant Sheet Metal Inc., 889
S.W.2d 666, 671 (Tex. App.--Houston [14th Dist.] 1994, writ denied); see
also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284
(Tex. 1994) (discussing "long-standing rule" that issues may be waived
due to inadequate briefing).
With regard to issues one through three, the City has failed to establish,
with proper record references, what the evidence adduced at trial was and how
that evidence supports its contentions on appeal. Accordingly, the City waived
these issues. See, e.g., Fredonia, 881 S.W.2d at 284. We overrule the
City's first, second, and third issues. With regard to its fourth issue
complaining that the trial court erred by submitting questions of law to the
jury, the City's brief likewise fails to cite us to relevant portions of the
record and fails to explain which specific questions were purportedly improperly
submitted. Accordingly, the City waived this issue. See id. We overrule
the City's fourth issue.
 
IV. State Farm's Cross-appeal
As cross-appellant, State Farm complains in a single point that the trial
court erred by denying its motion for partial judgment notwithstanding the
verdict. Specifically, State Farm claims that it conclusively established that
it paid the Bateses $12,723.61 for repairs and loss of use of their residence
from the September 1997 sewer back up and that, therefore, the trial court
should have granted judgment notwithstanding the jury's zero damage award and
rendered judgment for State Farm for an additional $12,723.61 plus prejudgment
interest.
A trial court may disregard a jury's verdict and render judgment non obstante
veredicto (n.o.v.) if there is no evidence to support the jury's findings
necessary to liability or if a directed verdict would have been proper. Brown
v. Bank of Galveston, 963 S.W.2d 511, 513 (Tex. 1998); Fort Bend County
Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991); see also
Tex. R. Civ. P. 301. A directed verdict is proper only under limited
circumstances: (1) the evidence conclusively establishes the right of the movant
to judgment or negates the right of the opponent; or (2) the evidence is
insufficient to raise a fact issue that must be established before the opponent
is entitled to judgment. Prudential Ins. Co. v. Fin. Review Servs., Inc.,
29 S.W.3d 74, 77 (Tex. 2000); Boswell v. Farm & Home Sav. Ass'n,
894 S.W.2d 761, 768 (Tex. App.--Fort Worth 1994, writ denied). In determining
whether there is no evidence to support the jury verdict, we consider the
evidence in the light most favorable to the jury's finding, considering only the
evidence and inferences which support the finding and rejecting the evidence and
inferences contrary to the finding. Brown, 963 S.W.2d at 513; Navarette
v. Temple Indep. Sch. Dist., 706 S.W.2d 308, 309 (Tex. 1986).
The evidence supporting the jury's zero finding concerning State Farm's
damages(2) includes a Statement of Loss prepared
by State Farm claims adjuster David L. Derasaugh on January 17, 2002. The form
lists three coverage categories and provides space for the preparer to enter a
description and value for each loss listed thereunder. However, nothing is
listed under these categories except two totals entered by Derasaugh: $11,973.61
under category A--Building, and $1,000 under category B--Contents. Category C,
Loss of Use, is entirely blank. In his testimony, Derasaugh described these
figures as estimates of the amounts "provided to rebuild the - -
and/or clean first property, building, and/or additional expenses for the Bates'
house on the loss number one, the first loss." The record evidence relating
to the first back-up likewise consists of mere estimates--a collection of
unsigned bids and job estimates dated from October 7, 1997 to February 26, 1998.
In addition, the photographic evidence of damages in the record before us
appears to relate solely to the second back-up, for which money damages were
awarded. Viewing Derasaugh's testimony, the conclusory nature of the Statement
of Loss, and the record exhibits, in the light most favorable to the jury's
verdict, we hold that State Farm's damages arising from the first back-up were
not conclusively established at trial. Accordingly, the trial court did not err
by denying State Farm's motion for partial judgment notwithstanding the verdict.
We overrule State Farm's cross point.

V. Conclusion
Having overruled all of the City's issues as well as State Farm Lloyd's
cross-point, we affirm the judgment of the trial court.
 
                                                                       
SUE WALKER
                                                                       
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER and WALKER, JJ.
 
[Delivered March 20, 2003]

1. See Tex. R. App. P. 47.4.
2. We note that question number 5 asked the jury to find
the sum of money that would compensate State Farm for their damages for the
repairs and loss of use of the insured's residence instead of asking the jury to
find the amount of damages to the property or to the insureds. Thus, the jury
may have reasoned that State Farm, as opposed to the property or the insureds,
suffered no damages.