John D. Castleberry, Individually and d/b/a Thermax v. Weatherford Independent School District, City of Weatherford, Parker County Junior College District, Parker County Hospital District, and Parker County

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-183-CV

JOHN D. CASTLEBERRY, 

INDIVIDUALLY AND D/B/A THERMAX APPELLANT

V.

WEATHERFORD INDEPENDENT SCHOOL 

DISTRICT, CITY OF WEATHERFORD, 

PARKER COUNTY JUNIOR COLLEGE DISTRICT, 

PARKER COUNTY HOSPITAL DISTRICT, 

AND PARKER COUNTY APPELLEES

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, John D. Castleberry, appeals the granting of a summary judgment over a failure to pay property taxes.
 
Appellees, Weatherford Independent School District, City of Weatherford, Parker County Junior College District, Parker County Hospital District, and Parker County, respond by requesting that this court impose sanctions on Appellant for filing a frivolous appeal.  We affirm the trial court’s judgment and deny the motion for sanctions.

FACTS

Appellant owned land and a business located in Parker County.  When Appellant failed to pay taxes for over three years, Appellees sued Appellant to place a tax lien against his property.  The taxes imposed against Appellant’s property for the tax years 1999 through 2001 remained delinquent through the date of the summary judgment hearing.  

Before trial, Appellees moved for summary judgment claiming that no issue of material fact existed respecting Appellant’s liability for delinquent payment of property taxes.  The trial court granted summary judgment.  

STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Friendswood Dev. Co. v. McDade + Co.,
 926 S.W.2d 280, 282 (Tex. 1996); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

DISCUSSION

In Appellant’s first point, he claims that a genuine issue of material fact existed that precluded summary judgment.  Appellant claims that the county never properly assessed his property.  Appellant further argues that without evidence of an assessment, the trial court erred in granting the motion for summary judgment.  

The tax code provides that: 

In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

T
EX
. T
AX
 C
ODE
 A
NN
. § 33.47(a).  When the taxing authority follows this statute, it establishes prima facie evidence over every necessary element to prevail at trial. 
 See Davis v. City of Austin
, 632 S.W.2d 331, 333 (Tex. 1982) (stating that “under these principles, the taxing authority established its prima facie case as to every material fact necessary to establish the cause of action when it introduced a copy of the delinquent tax record, certified by the proper taxing authority to be true and correct with the amount stated thereon to be unpaid”).  The record from the trial court shows that Appellees fulfilled the requirements of this statute.  Appellant failed to respond with any summary judgment evidence contradicting Appellees’ prima facie case.  Therefore, Appellees proved their case as a matter of law and were entitled to summary judgment.  We overrule Appellant’s first point on appeal.

Appellant’s argument in his second point of error is unclear.  He seems to state that the tax collector failed to properly assess taxes in this case, and the trial court erred in assuming that Parker County’s Tax Assessor’s/Collector’s duty was merely to collect license fees.  Appellant contends that it is the duty of the collector to assess taxes.  Appellant failed to show in the record any facts which would support his argument.  We do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred.  
See Harper v. Harper
, 8 S.W.3d 782, 784 (Tex. App.—Fort Worth 1999, pet. denied); 
Hall v. Stephenson
, 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  Appellant waived this point by failing to factually and legally support his argument; therefore, we overrule his second point.

In Appellant’s third point on appeal, he claims that the trial court erred in allowing testimony through an affidavit.  Appellant cites no authority to justify this argument.  
See
 T
EX
. R. A
PP
. P. 38.1(h); 
Miller v. Kennedy & Minshew, Prof’l Corp.
, 80 S.W.3d 161, 163 n.1 (Tex. App.—Fort Worth 2002, no pet. h.); 
Yard v. Daimlerchrysler Corp.
, 44 S.W.3d 238, 242-43 (Tex. App.—Fort Worth 2001, no pet.).  We overrule Appellant’s third point because he waived it by failing to cite any legal authority for his argument. 

In Appellant’s fourth point on appeal, he claims that the trial court erred in allowing irrelevant testimony.  Appellant again failed to cite any legal authority for his argument.  
Miller, 
80 S.W.3d at 163 n.1; 
Yard, 
44 S.W.3d at 242-43.  Further, Appellant did not object to this evidence when the trial court admitted it.  
See 
T
EX
. R. A
PP
. P.
 33.1
; Tex. Dept. of Transp. v. Olson
, 980 S.W.2d 890, 896 (Tex. App.—Fort Worth 1998, no pet.) (“In order to preserve error in the exclusion of evidence, the proponent of the evidence must offer the evidence at trial, and the record must reflect the trial objection and the trial court's ruling on the objection.”).  Appellant waived his fourth point on appeal by failing to give legal authority for his position and by failing to preserve error at trial; therefore, we overrule Appellant’s fourth point. 

In Appellant’s fifth point on appeal, he claims that the trial court erred in assuming that Appellant’s defense is that he did not own the property.  Appellant has again failed to point to any reference in the record to show that the trial court misconstrued Appellant’s defense.  
See
 
Harper
, 8 S.W.3d at 784; 
Hall,
 919 S.W.2d at 466-67.  We overrule Appellant’s fifth point on appeal due to waiver.

In Appellant’s sixth point on appeal, he claims that the trial court erred in considering a rule book as law when it did not have a mandatory enacting clause appended to it.  Appellant contends that the trial court based its decision, at least in part, on a rule book cited during the hearing for summary judgment.  Appellant claims that the trial court could not consider this rule book because the legislature did not enact it into law.  Appellant has failed to show any evidence that the trial court relied on a source other than the law in ruling on the summary judgment motion.  Appellant, therefore, waived this point and we overrule it.  
See
 
Harper
, 8 S.W.3d at 784; 
Hall,
 919 S.W.2d at 466-67. 

In Appellant’s seventh point on appeal, he claims that the trial court erred by failing to sign a motion to compel discovery.  The record shows that the trial court never granted or denied Appellant’s motion.  The record further shows that Appellant never requested a hearing on this motion.  Because Appellant failed to obtain a negative ruling on his motion, he has waived this point on appeal.  
See
 T
EX
. R. A
PP
. P. 33.1(a)(2) (requiring that the trial court have ruled on the motion, either expressly or implicitly, or refused to rule on the motion, and the complaining party objected to the refusal); 
Magnuson v. Mullen
, 65 S.W.3d 815, 829 (Tex. App.—Fort Worth 2002, pet. denied).  In this case, Appellant did not obtain a ruling, and he did not object to the trial court’s refusal to rule.  Appellant, therefore, failed to preserve error.  
Magnuson, 
65 S.W.3d at 829.
  
We overrule Appellant’s seventh point on appeal.

In Appellant’s eighth point on appeal, he claims that the trial court erred when it accepted as true Appellees’ definition of an assessment.  Appellant failed to cite any law on his stated point of error.  
See
 
Miller, 
80 S.W.3d at 163 n.1; 
Yard, 
44 S.W.3d at 242-43.  Appellant waived his eighth point on appeal.  We overrule Appellant’s eighth point on appeal.

In Appellant’s ninth point on appeal, he claims that the trial court committed error by granting summary judgment when there was not an assessment given.  Appellant cites no law nor any record references for his point.  
Id
.  Appellant waived his ninth point on appeal.

Appellant included two objections at the end of his brief.  We will treat these objections as points and address them accordingly. 

In Appellant’s first objection he claims that the trial court failed to act impartially, and it had ex parte communications with Appellees’ attorney.  Appellant has failed to sufficiently brief this point of error.  Specifically, Appellant failed to cite any law for his contentions.  
Id
.  We overrule Appellant’s first objection. 

In Appellant’s second objection, he states that Appellees are not properly represented according to law.  Appellant failed to object to this point at trial and has failed to preserve it for our review.
  See 
T
EX
. R. A
PP
. P.
 
33.1(a);
 Olson
, 980 S.W.2d at 896.  We overrule Appellant’s second objection on appeal.

MOTION FOR SANCTIONS

Appellees have filed a motion with this court for sanctions against Appellant for filing a frivolous appeal.  
See
 T
EX
. R. A
PP
. P.
 45.  Because Appellant’s points have no merit, we have seriously considered awarding sanctions.  However, we are unwilling to hold that Appellant’s appeal is so frivolous as to warrant sanctions.  
Id.
; 
Angelou v. African Overseas Union
, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that sanctions should be imposed only in egregious circumstances).  We deny Appellees’ request for sanctions. 

CONCLUSION

Having overruled all of Appellant’s points on appeal, we affirm the trial court’s ruling.
 

PER CURIAM

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: April 3, 2003

FOOTNOTES
1:
See T
EX
. R. A
PP
. P. 47.4.