COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-183-CV
 
JOHN D. CASTLEBERRY,                                                                    
       APPELLANT
INDIVIDUALLY AND D/B/A THERMAX
V.
WEATHERFORD INDEPENDENT SCHOOL                                                      
APPELLEES
DISTRICT, CITY OF WEATHERFORD,
PARKER COUNTY JUNIOR COLLEGE DISTRICT,
PARKER COUNTY HOSPITAL DISTRICT,
AND PARKER COUNTY
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, John D. Castleberry, appeals the granting of a summary
judgment over a failure to pay property taxes. Appellees, Weatherford
Independent School District, City of Weatherford, Parker County Junior College
District, Parker County Hospital District, and Parker County, respond by
requesting that this court impose sanctions on Appellant for filing a frivolous
appeal. We affirm the trial court's judgment and deny the motion for sanctions.
FACTS
Appellant owned land and a business located in Parker County. When
Appellant failed to pay taxes for over three years, Appellees sued Appellant to
place a tax lien against his property. The taxes imposed against Appellant's
property for the tax years 1999 through 2001 remained delinquent through the
date of the summary judgment hearing.
Before trial, Appellees moved for summary judgment claiming that no
issue of material fact existed respecting Appellant's liability for delinquent
payment of property taxes. The trial court granted summary judgment.
STANDARD OF REVIEW
In a summary judgment case, the issue on appeal is whether the movant
met his summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood
Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great
Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965). Therefore, we must view the evidence and its reasonable inferences
in the light most favorable to the nonmovant. Great Am.,
391 S.W.2d at 47.
In deciding whether there is a material fact issue precluding summary
judgment, all conflicts in the evidence are disregarded and the evidence
favorable to the nonmovant is accepted as true. Rhone-Poulenc,
997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co.,
896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will
not be considered unless it is uncontroverted. Great Am.,
391 S.W.2d at 47.
The summary judgment will be affirmed only if the record establishes
that the movant has conclusively proved all essential elements of the movant's
cause of action or defense as a matter of law. Clear Creek
Basin, 589 S.W.2d at 678.
DISCUSSION
In Appellant's first point, he claims that a genuine issue of material
fact existed that precluded summary judgment. Appellant claims that the county
never properly assessed his property. Appellant further argues that without
evidence of an assessment, the trial court erred in granting the motion for
summary judgment.
The tax code provides that:

        In
 a suit to collect a delinquent tax, the taxing unit's current tax roll and
 delinquent tax roll or certified copies of the entries showing the property
 and the amount of the tax and penalties imposed and interest accrued
 constitute prima facie evidence that each person charged with a duty relating
 to the imposition of the tax has complied with all requirements of law and
 that the amount of tax alleged to be delinquent against the property and the
 amount of penalties and interest due on that tax as listed are the correct
 amounts.

TEX. TAX CODE
ANN. § 33.47(a). When the taxing authority follows
this statute, it establishes prima facie evidence over every necessary element
to prevail at trial. See Davis v. City of Austin, 632
S.W.2d 331, 333 (Tex. 1982) (stating that "under these principles, the
taxing authority established its prima facie case as to every material fact
necessary to establish the cause of action when it introduced a copy of the
delinquent tax record, certified by the proper taxing authority to be true and
correct with the amount stated thereon to be unpaid"). The record from the
trial court shows that Appellees fulfilled the requirements of this statute.
Appellant failed to respond with any summary judgment evidence contradicting
Appellees' prima facie case. Therefore, Appellees proved their case as a matter
of law and were entitled to summary judgment. We overrule Appellant's first
point on appeal.
Appellant's argument in his second point of error is unclear. He seems
to state that the tax collector failed to properly assess taxes in this case,
and the trial court erred in assuming that Parker County's Tax
Assessor's/Collector's duty was merely to collect license fees. Appellant
contends that it is the duty of the collector to assess taxes. Appellant failed
to show in the record any facts which would support his argument. We do not have
a duty to perform an independent review of the record and applicable law to
determine whether the error complained of occurred. See Harper
v. Harper, 8 S.W.3d 782, 784 (Tex. App.--Fort Worth 1999, pet. denied); Hall
v. Stephenson, 919 S.W.2d 454, 466-67 (Tex. App.--Fort Worth 1996, writ
denied). Appellant waived this point by failing to factually and legally support
his argument; therefore, we overrule his second point.
In Appellant's third point on appeal, he claims that the trial court
erred in allowing testimony through an affidavit. Appellant cites no authority
to justify this argument. See TEX.
R. APP. P. 38.1(h); Miller v. Kennedy
& Minshew, Prof'l Corp., 80 S.W.3d 161, 163 n.1 (Tex. App.--Fort Worth
2002, no pet. h.); Yard v. Daimlerchrysler Corp., 44
S.W.3d 238, 242-43 (Tex. App.--Fort Worth 2001, no pet.). We overrule
Appellant's third point because he waived it by failing to cite any legal
authority for his argument.
In Appellant's fourth point on appeal, he claims that the trial court
erred in allowing irrelevant testimony. Appellant again failed to cite any legal
authority for his argument. Miller, 80 S.W.3d at 163 n.1; Yard,
44 S.W.3d at 242-43. Further, Appellant did not object to this evidence when the
trial court admitted it. See TEX.
R. APP. P. 33.1; Tex. Dept. of Transp.
v. Olson, 980 S.W.2d 890, 896 (Tex. App.--Fort Worth 1998, no pet.)
("In order to preserve error in the exclusion of evidence, the proponent of
the evidence must offer the evidence at trial, and the record must reflect the
trial objection and the trial court's ruling on the objection."). Appellant
waived his fourth point on appeal by failing to give legal authority for his
position and by failing to preserve error at trial; therefore, we overrule
Appellant's fourth point.
In Appellant's fifth point on appeal, he claims that the trial court
erred in assuming that Appellant's defense is that he did not own the property.
Appellant has again failed to point to any reference in the record to show that
the trial court misconstrued Appellant's defense. See Harper,
8 S.W.3d at 784; Hall, 919 S.W.2d at 466-67. We overrule
Appellant's fifth point on appeal due to waiver.
In Appellant's sixth point on appeal, he claims that the trial court
erred in considering a rule book as law when it did not have a mandatory
enacting clause appended to it. Appellant contends that the trial court based
its decision, at least in part, on a rule book cited during the hearing for
summary judgment. Appellant claims that the trial court could not consider this
rule book because the legislature did not enact it into law. Appellant has
failed to show any evidence that the trial court relied on a source other than
the law in ruling on the summary judgment motion. Appellant, therefore, waived
this point and we overrule it. See Harper,
8 S.W.3d at 784; Hall, 919 S.W.2d at 466-67.
In Appellant's seventh point on appeal, he claims that the trial court
erred by failing to sign a motion to compel discovery. The record shows that the
trial court never granted or denied Appellant's motion. The record further shows
that Appellant never requested a hearing on this motion. Because Appellant
failed to obtain a negative ruling on his motion, he has waived this point on
appeal. See TEX. R. APP.
P. 33.1(a)(2) (requiring that the trial court have ruled on the motion, either
expressly or implicitly, or refused to rule on the motion, and the complaining
party objected to the refusal); Magnuson v. Mullen, 65
S.W.3d 815, 829 (Tex. App.--Fort Worth 2002, pet. denied). In this case,
Appellant did not obtain a ruling, and he did not object to the trial court's
refusal to rule. Appellant, therefore, failed to preserve error. Magnuson,
65 S.W.3d at 829. We overrule Appellant's seventh point on appeal.
In Appellant's eighth point on appeal, he claims that the trial court
erred when it accepted as true Appellees' definition of an assessment. Appellant
failed to cite any law on his stated point of error. See Miller,
80 S.W.3d at 163 n.1; Yard, 44 S.W.3d at 242-43. Appellant
waived his eighth point on appeal. We overrule Appellant's eighth point on
appeal.
In Appellant's ninth point on appeal, he claims that the trial court
committed error by granting summary judgment when there was not an assessment
given. Appellant cites no law nor any record references for his point. Id.
Appellant waived his ninth point on appeal.
Appellant included two objections at the end of his brief. We will
treat these objections as points and address them accordingly.
In Appellant's first objection he claims that the trial court failed to
act impartially, and it had ex parte communications with Appellees' attorney.
Appellant has failed to sufficiently brief this point of error. Specifically,
Appellant failed to cite any law for his contentions. Id.
We overrule Appellant's first objection.
In Appellant's second objection, he states that Appellees are not
properly represented according to law. Appellant failed to object to this point
at trial and has failed to preserve it for our review. See
TEX. R. APP. P. 33.1(a); Olson,
980 S.W.2d at 896. We overrule Appellant's second objection on appeal.
MOTION FOR SANCTIONS
Appellees have filed a motion with this court for sanctions against
Appellant for filing a frivolous appeal. See TEX.
R. APP. P. 45. Because Appellant's points have no
merit, we have seriously considered awarding sanctions. However, we are
unwilling to hold that Appellant's appeal is so frivolous as to warrant
sanctions. Id.; Angelou v. African
Overseas Union, 33 S.W.3d 269, 282 (Tex. App.--Houston [14th Dist.] 2000,
no pet.) (holding that sanctions should be imposed only in egregious
circumstances). We deny Appellees' request for sanctions.
CONCLUSION
Having overruled all of Appellant's points on appeal, we affirm the
trial court's ruling.
 
                                                                   
   PER CURIAM
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: April 3, 2003

1. See TEX. R. APP.
P. 47.4.