NO. 07-06-0306-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 10, 2007


______________________________



ALFREDO FLORES, SAM LAJZEROWICZ AND


DEBRA TRAPHAGAN, APPELLANTS



V.



STAR CAB COOPERATIVE ASSOCIATION, INC., ET AL., APPELLEES


_________________________________



FROM THE 131ST DISTRICT COURT OF BEXAR COUNTY;



NO. 2003-CI-15869; HONORABLE RENE DIAZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION TO REDUCE BOND AND SET AMOUNT FOR SUPERSEDEAS

 Alfredo Flores, Sam Lajzerowicz and Debra Traphagan sued Star Cab Cooperative
Association, Inc., All Taxi Dispatch Services, Inc. and eleven individual defendants. 
Attorney Morris J. Kirschberg and the Law Office of Morris J. Kirschberg (jointly,
"Kirschberg") represented the plaintiffs. Among the pleadings filed by defendants was a
pleading denominated a "counterclaim against plaintiffs and their attorneys," (1) by which the
defendants sought relief including recovery of attorney's fees. The case was tried in
November and December 2005. At trial, the trial court granted a directed verdict against
the plaintiffs on several of their causes of action, and the jury found against them on their
remaining claims. 

 After trial, the trial court entered an order awarding attorney's fees to each of the
defendants, making the plaintiffs and their attorneys jointly and severally liable for the fees. 
The fees awarded totaled $123,500 through trial, with additional fees awarded conditioned
on the pursuit and outcome of appeals. The court's final judgment, signed April 21, 2006,
ordered the plaintiffs take nothing, incorporated the earlier order on attorney's fees and
adjudged costs against the plaintiffs. The plaintiffs and Kirschberg have appealed the
judgment. 

 Appellants' brief was filed in this court on May 7, 2007, and appellees' briefs were
filed in early June. 

 On July 10, 2007, Kirschberg filed in this court a Motion to Reduce Bond and Set
Amount for Supersedeas. In the motion, Kirschberg states that he filed with the Bexar
County District Clerk a cash deposit in lieu of supersedeas bond "in the full amount of the
judgment ($123,500.00) plus court costs and interest for twelve (12) months, totaling
$134,369.65."

 Appended to Kirschberg's motion are a file-marked copy of a motion filed in the trial
court in January 2007, with a notice setting a hearing on the motion for February 7, 2007,
and a photocopy of an order denying the motion signed by the trial court on February 13,
2007. (2)

 In his motion in the trial court, and in the motion filed here, Kirschberg asserts that
the $123,500 "was not awarded as statutory or contractual attorney's fees; rather, that
amount was imposed as a sanction against the Plaintiffs / Appellants and their attorneys." 
From that premise, he contends the fees do not constitute "compensatory damages
awarded in the judgment," under the language of Texas Rule of Appellate Procedure
24.2(a)(1), and therefore need not be secured by his cash deposit in lieu of bond. (3) His
motion complains of the trial court's denial of his motion, and seeks an order from this court
directing the district clerk to return to him so much of his deposit as exceeds the amount
of costs awarded in the judgment, plus interest for twelve months.

 In their response to the motion filed here, among other arguments appellees contest
Kirschberg's characterization of the fees as sanctions, asserting that the trial court awarded
the fees pursuant to section 5.14 of the Texas Business Corporation Act and section
37.009 of the Texas Civil Practice and Remedies Code, as well as pursuant to chapter 10
of the Civil Practice and Remedies Code. (4)

 We review the trial court's rulings concerning the amount and type of security
required to supersede a judgment under an abuse of discretion standard. Enviropower,
L.L.C. v. Bear, Stearns & Co., Inc., ___ S.W.3d ___, No. 01-04-01111-CV, 2007 WL
1412849 (Tex.App.-Houston [1st Dist.] May 10, 2007, no pet.); Miller v. Kennedy &
Minshew, P.C., 80 S.W.3d 161, 165 (Tex.App.-Fort Worth 2002, no pet.). 

 Having reviewed Kirschberg's motion, we find it cannot be considered in the abstract
but must be evaluated in light of the procedural context in which the trial court made the
award of attorney's fees and the bases on which it took that action. See generally Low v.
Henry, 221 S.W.3d 609, 619-21 (Tex. 2007) (appeal of award of sanctions). Except for the
copies of the trial court motion and order appended to his motion, Kirschberg provides us
with no record by which to evaluate his factual contentions. From the tenor of Kirschberg's
motion, it would appear he intends for us to make use of the appellate record, but the
record is sizable (5) and the motion contains no discussion of the record or page references
to aid us. Just as an appellate court is under no duty to make an independent search of
the record for evidence supporting a position taken in a brief filed by an appellant, see,
e.g., Brandon v. American Sterilizer Co., 880 S.W.2d 488, 493 (Tex.App.-Austin 1994, no
writ) (applying former rules of appellate procedure), Kirschberg cannot expect us to search
the appellate record for evidence supporting his description of the bases for the trial court's
award of attorney's fees in this case. (6)
 

 Finding that Kirschberg has not provided us a basis on which to conclude the trial
court has abused its discretion with regard to the amount of security needed to supersede
the judgment, we overrule his motion.

 

 

 Per Curiam

1. The record does not reflect service on plaintiffs' attorneys or an answer from the
attorneys. 
2. The trial court motion bears the same title as the motion filed in this court. The trial
court's February 13 order, however, states that it is denying "Plaintiffs' Motion to Reduce
Bond and Reduce Cash Deposit." For purposes of our disposition of Kirschberg's present
motion, we will assume that the order denied the motion Kirschberg has provided us.
3. Kirschberg contends also the cash deposit should be credited with amounts that
appellees recovered from a garnishment action and amounts he believes they received
from their settlement with another attorney who was subject to the trial court's final
judgment. 
4. The order awarding attorney's fees cited each of those statutes and Rule of Civil
Procedure 13. By a reply to appellees' response to his motion in this court, Kirschberg
acknowledges appellees are correct that the fees were awarded pursuant to the Business
Corporation Act and the Declaratory Judgment Act, but asserts the award of fees against
the attorneys could only have been a sanction. 
5. The clerk's record contains over 1100 pages, and a total of 14 volumes of
reporter's record have been filed. 
6. Moreover, the trial court's February 13, 2007, order recites that the court heard
evidence on Kirschberg's motion. No record of that hearing is before us. 



60;               Per Curiam